COLQUITT, governor, *vs.* J. W. & W. L. SMITH

[This case was argued at the last term, and the decision reserved.]

1. If the name of a surety on the bond of a state depository was forged, the state had no lien on the property of such person, and a purchaser of property from her obtained a good title. Whether the name of such surety was forged, and whether she ratified the signing of her name, are questions of fact for the jury; and the court below having granted a new trial because of newly discovered evidence to show that the signature was a forgery, this court will not interfere.
2. The affidavit of counsel sufficiently showed ignorance of the matter contained in the newly discovered testimony.

May 13, 1884.

State. Bonds. State Depositories. Forgery. New Trial. Before Judge BRANHAM. Floyd Superior Court. March Adjourned Term, 1883.

The main facts of this case are the same as those in the case of *Colquitt, governor, vs. Simpson & Ledbetter*, just preceding, and the bond, execution, etc., there set out are the same as involved in this case. It is only necessary to add that, in this case, the execution issued by the governor was levied on certain property as that of M. P. Deason, and J. W. &. W. L. Smith interposed a claim, they having purchased the property from her and taken a deed dated March 8, 1881. The jury found the property subject. Claimants moved for a new trial, one ground being newly discovered evidence to show that Mattie P. Deason did not sign the bond or the affidavit attached thereto, and did not authorize any other person to do so for her, and that neither she nor Prentice justified or signed the affidavit attached to the bond. On this ground conflicting affidavits were introduced by the respective sides. The court granted a new trial, and the state, in the name of the governor, excepted.

One of the attorneys for the movants (Mr. Rowell) in his affidavit stated that " he did not know of the fact that

William L. Prentice had not signed the affidavit as to his being worth twenty thousand dollars, attached to the bond given in matter of the Bank of Rome as state depository, neither was he certainly apprised of the further newly discovered evidence set forth in the motion for a new trial . . . until after the rendition of the verdict of the jury in the case stated, concerning Mrs. M. P. Deason's name not being signed by her to the bond of the Bank of Rome, . . . or authorized any one else to sign her name as surety for said bank.

C. Anderson, attorney general; Jackson & King, for plaintiff in error.

Underwood & Rowell, or defendants.

Jackson, Chief Justice.

1. This is the case of Colquitt, governor, vs. The Rome Bank and others, agents, and J. W. & W. L. Smith, claimants. It differs from the case of Simpson & Ledbetter, claimants, in that the claimants here bought from Mrs. Deason, whose name is alleged to have been forged to the deed. If she did not execute the bond, of course the state had no lien on her property, and any purchaser from her got good title. Whether her name was forged or her signature genuine, is a fact in dispute. There are affidavits on the newly discovered ground of the motion that she did not, especially her own, which authorized the circuit judge to grant a new trial on that issue. Whether she ratified it or not is also a question of fact for the jury. We cannot say that the judge erred in granting a new trial as to these claimants, so as to have these vital issues tried by the jury.

2. A point was made that Major Rowell's affidavit intimated that he might have known of this matter before trial, and that, as he is of counsel for the claimant, the new trial should not have been granted on this ground of

newly discovered evidence. But we think the fact is that he knew nothing about it, and in the use of the word " certainly " in his affidavit, he meant to emphasize his ignorance, and not to intimate knowledge or suspicion about the forgery. It is inconceivable why, if he did know it, he did not use his knowledge on so vital a point in his client's case.

Judgment affirmed.