## ESA v. THE STATE.

Where a juror is put upon a defendant being tried under indictment for a criminal offense, and is peremptorily challenged by the defendant, the juror is not so disqualified that he could not be again put upon the defendant at a subsequent trial for the same offense under the same indictment, either because the defendant would thereby be deprived of his full 20 strikes, or because it would deny to him his constitutional right of a fair and impartial trial and equal protection of the laws.

OCTOBER 18, 1916.

The Court of Appeals certified the following question (in Case No. 7328): "Is a juror who was put upon a defendant on a former trial under the same indictment, and was then peremptorily challenged by him, so disqualified that he should not be again put upon the defendant upon a subsequent trial for the same offense, either for the reason (1) that the defendant is thereby denied his legal right of 20 peremptory challenges; or for the reason (2) that putting the same jurors upon the defendant a second time denies him his constitutional right to a trial by a fair and impartial jury, under paragraph 5, section 1, article 1 of the constitution of Georgia, and under article 6 of article 8 of the constitution of the United States; or for the reason (3) that by putting the same jurors upon the defendant on the second trial as were challenged by him in the first investigation of the same case he was denied the equal protection of the laws under article 14 of article 8 of the constitution of the United States?"

*E. C. Powers* and *W. D. McNeil,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

HILL, J. In *Blackman* v. *State,* 80 *Ga.* 785 (2), 788 (7 S. E. 626), it was held: "That jurors, at some previous trial of the prisoner under the same indictment, have been put upon him and one or more of them rejected by him, does not disqualify them, and is not good even as a challenge to the poll." In *Reid* v. *State,* 50 *Ga.* 556 (1), this court held: "When one juror, on a trial of an indictment for a felony, has been sworn, and a nolle prosequi is then entered, and a new bill found, it is not error that the array, with the same juror upon it, is put upon the prisoner; and in such a case the right of challenge, both on the part of the State and the prisoner, is the same as if the former proceedings had not been taken." And in *Johnson* v. *State,* 130 *Ga.* 22 (60

2

S. E. 158), it was held: "Where a person accused of crime was tried and convicted, and a new trial was granted, it furnished no cause of objection on his behalf on the second trial that certain of the jurors then on the jury-list had been summoned at the first trial and had been stricken by the State or the accused." The above-cited rulings are controlling to the effect that where a juror is put upon the defendant on his first trial and by him peremptorily challenged, this affords no ground for challenge to the array or poll where the same juror is put upon the defendant at a subsequent trial under the same indictment. The juror in such a case being competent to serve, there is no merit in a contention that again putting him on the defendant denies to him his legal right of 20 peremptory challenges, nor in the claim that he is thereby denied his constitutional right to a fair and impartial trial and equal protection of the laws. Consequently the question of the Court of Appeals must be answered in the negative.

*All the Justices concur.*