### 7328. ESA *v.* THE STATE.

WADE, C. J. 1. The general grounds of the motion for a new trial, complaining that the verdict was "contrary to the evidence and without evidence to support it," and "contrary to law," are not insisted upon in the briefs of counsel for the plaintiff in error. On the contrary, it is expressly admitted in the reply brief of his counsel that the verdict of voluntary manslaughter was authorized, and could have been legally based upon either the evidence for the State or the statement of the accused.

2. "Where a juror is put upon a defendant being tried under indictment for a criminal offense, and peremptorily challenged by the defendant, the juror is not so disqualified that he could not be again put upon the defendant at a subsequent trial for the same offense under the same indictment, either because the defendant would thereby be deprived of his full twenty strikes, or because it would deny him his constitutional right of a fair and impartial trial and equal protection of the laws." *Esa* v. *State*, 146 *Ga.* 17 (90 S. E. 278). The trial court did not err in overruling the challenge to the array, or the challenge to the poll, based upon the alleged disqualification of the array and of a particular juror upon the ground above suggested.

3. The court did not err in refusing to declare a mistrial, or in failing, in the absence of a timely written request, to instruct the jury not to consider, to the prejudice of the statement of the accused, an apparently involuntary exclamation of a spectator at the trial, who was a brother of the deceased, which challenged the truthfulness of the explanation of the homicide, then being presented to the jury by the defendant. This unseemly interruption did not necessarily tend to discredit the statement of the defendant in the minds of the jury, but might tend equally well to beget sympathy for him and to excite prejudice against the prosecution. If a mistrial must result as a legal consequence of such conduct, calculated interruptions might prevent the execution of the law, unless attendance of others on the trial of those accused of crime be more strictly regulated than is contemplated or allowable under our present system. The matter addressed itself to the discretion of the trial judge, and it does not appear that his discretion was abused.

4. There is no merit in the 8th ground of the motion for a new trial, as there is nothing in the record to indicate that the alleged confession was induced by the slightest hope of benefit or the remotest fear of injury.

5. The charge of the court was sufficiently full in regard to the weight and value to be attached to confessions, in the absence of a written request

for other and fuller instructions; and no opinion that certain confessions had been proved was intimated to the jury by the words "these confessions," in the following excerpt from the charge of the court: "Wherever confessions are offered in evidence, they should be carefully considered; and you would not be authorized to convict on confessions alone, unless these confessions are corroborated by other evidence in the case." Clearly the court was giving an abstract instruction.

6. There is no merit in the exceptions to the following instructions to the jury: "You must believe in this case, in order to convict this man, that with a razor he cut and killed the deceased at a time when there was no necessity for it at all, and no apparent necessity for it at all; remembering that an apparent necessity is equivalent to a real necessity, provided it amounts to such a necessity as to make the defendant believe, as a reasonable man, that the necessity exists." This instruction did not take from the jury the right to determine the issue of fact involved or the right to consider the statement of the defendant; nor did it require the defendant to show that an actual necessity existed before he could claim the benefit of the doctrine of apparent necessity. This ruling applies also to the 12th ground of the motion for a new trial.

7. Construed together and in the light of the entire charge, the instructions complained of in the 11th and 13th grounds of the motion for a new trial are not subject to the exceptions taken.

8. There was evidence to authorize the verdict, no error of law was committed on the trial, and the court did not err in overruling the motion for a new trial.  *Judgment affirmed.*

DECIDED NOVEMBER 22, 1916.

Conviction of manslaughter; from Bibb superior court—Judge Mathews. February 9, 1916.

*E. C. Powers, W. D. McNeil,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.