## TOWNS *v.* THE STATE.

1. Persons separately indicted for felony, the offense being joint, may, through their respective counsel, waive the right to separate trials, though the offense be capital. They may likewise stipulate to unite in their peremptory challenges. Such express voluntary waivers are binding.

2. Section 94 of the Penal Code of 1910 (codified from an act of 1866: Acts 1866, p. 151), which provides that "The crime of rape shall be punished with death, unless the defendant is recommended to mercy by the jury, in which case the punishment shall be the same as for an assault with intent to commit a rape," that is, by confinement in the penitentiary for not less than one nor longer than twenty years, was not repealed by section 1060 of the Penal Code of 1910 (codified from an act of 1875: Acts 1875, p. 106), which declares: "In all capital cases, other than those of homicide, when the verdict is guilty, with a recommendation to mercy, it shall be legal and shall mean imprisonment for life." Properly construed, the latter act merely provides that in all capital cases of homicide, and in all capital cases other than those of homicide, where the jury may fix imprisonment for life in lieu of capital punishment, a verdict of guilty with a recommendation of mercy shall be legal and shall be held to mean imprisonment for life.

3. The evidence authorized the verdict, and none of the assignments of error require the grant of a new trial.

No. 1613. DECEMBER 11, 1919.

Indictment for rape. Before Judge Gower. Dooly superior court. August 6, 1919.

*T. Hoyt Davis,* for plaintiff in error.

*Clifford Walker,* attorney-general, *J. B. Wall,* solicitor-general, *Jesse Grantham,* and *M. C. Bennet,* contra.

GEORGE, J. Horace Towns, Bill Clark, Wesley Felton, and Gussie Lee Jones were separately indicted for the offense of rape. The offense was joint, and they might have been jointly indicted.

The defendants were jointly tried, by express agreement of counsel representing them. They likewise stipulated to unite in their peremptory challenges. Separate verdicts of guilty, with recommendation of mercy, were rendered, and separate sentences imposed. Horace Towns filed his motion for new trial, which was overruled, and he excepted.

1. In the first special ground of the motion the plaintiff in error contends that he should have been tried separately. While such was his right under the law, he voluntarily waived it. Having done so, he is estopped from afterwards objecting. Otherwise a party may, be express voluntary waiver, induce the court to act, and, if the finding is adverse, then assign error and reverse the judgment. The plaintiff in error, having consented to be tried jointly with the other defendants, must be held to his act. The right to a separate trial may be waived by one accused of crime, though the offense be capital. *Sarah* v. *State,* 28 *Ga.* 576 (2), 581; *Wiggins* v. *Tyson,* 112 *Ga.* 744, 750 (38 S. E. 86); *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817). The plaintiff in error likewise waived his right to the twenty peremptory challenges allowed him, and he is likewise bound by the waiver. It appears, moreover, that the four defendants jointly exercised only seventeen of the twenty peremptory challenges allowed them on the trial.

2. In his charge the court instructed the jury, in accordance with section 94 of the Penal Code of 1910, that "The crime of rape shall be punished with death, unless the defendant is recommended to mercy by the jury, in which case the punishment shall be the same as for an assault with intent to commit a rape," that is, by confinement in the penitentiary for not less than one nor longer than twenty years. This charge, it is contended, is an erroneous statement of the law, and induced a compromise verdict. It is insisted that section 94 of the Penal Code, codified from an act of 1866 (Acts 1866, p. 151), was repealed by so much of an act of 1875 (Acts 1875, p. 106) as is now embodied in section 1060 of the Penal Code of 1910. Section 1 of the act of 1875 provides: "That whenever a jury in a capital case of homicide shall find a verdict of guilty, with a recommendation of mercy, instead of a recommendation of imprisonment for life, in cases where, by law, the jury may make such recommendation, such

verdict shall be held to mean imprisonment for life. If, in any capital case of homicide, the jury shall make any recommendation where not authorized by law to make a recommendation of imprisonment for life, the verdict shall be construed as if made without any recommendation." Section 2 of that act (now section 1060 of the Penal Code) provides: "That in all capital cases other than those of homicide, when the verdict is guilty with a recommendation of mercy, such verdict shall be held legal, and to mean imprisonment for life." Section 3 repeals conflicting laws. The act of 1866 (section 94 of the Penal Code) and the act of 1875 (sections 63 and 1060 of the Penal Code) have been carried forward in the codes since the dates of the acts respectively, and therefore were re-enacted by the adoption of the Code of 1895 and the Code of 1910. The doctrine of implied repeal is not favored. We think that a careful reading of the act of 1875 will demonstrate that the legislature intended to provide merely that a verdict of guilty, with recommendation of mercy, in any capital case shall be held to be a legal verdict, and to mean imprisonment for life where the jury may under the code substitute imprisonment for life in the penitentiary for capital punishment. The legislature did not intend by the act of 1875 to change the punishment prescribed for one found guilty by the jury of the offense of rape, with a recommendation of mercy. In all capital cases of homicide, and in all capital cases other than those of homicide, where the jury may prescribe imprisonment for life in the penitentiary, a verdict of guilty with a recommendation of mercy is declared to be legal and to mean imprisonment for life; that is to say, in case of rape, such verdict of guilty, with recommendation of mercy, shall be held to be legal and to carry with it the lesser punishment prescribed by statute. This is the whole effect of the act. While the point here discussed was not made in *Hamilton* v. *State,* 143 *Ga.* 265 (84 S. E. 583), the charge here excepted to is expressly approved in the sixth headnote of that case.

3. Error is assigned on the following charge of the court: "It is no excuse for one charged with the offense of rape to say that the alleged victim was a prostitute, or was a woman of bad character or lewd character; for, says the law of our State, an abandoned prostitute, a veritable whore, may be the victim of rape." The criticism upon this charge is that it amounted to an expression of

opinion by the court and deprived the defendant of his defense under the law. The charge that "it is no excuse for one charged with the offense of rape to say that the alleged victim was a prostitute, or was a woman of bad character or lewd character," standing alone, would perhaps be erroneous under the ruling in *Seals* v. *State,* 114 *Ga.* 518 (40 S. E. 731, 88 Am. St. R. 33). When the remaining portion of the excerpt is considered the meaning of the court is clear. It immediate connection with the charge to which exception is taken the court instructed the jury as follows: "However, I charge you that you may consider, and you will consider, whatever evidence or testimony has been introduced, if you find any such has been introduced, as to the bad character or lewd character of this woman, Lena Jones, as illustrating the probability or improbability of her having consented to this sexual act, or these sexual acts, if you find that any such was or were completed in this transaction. You may likewise, gentlemen, consider the bad character of this woman, if any such testimony has been introduced for your consideration, upon the question of her impeachment." The charge, as a whole, is a correct statement of the law of the case. None of the assignments of error based upon the charge of the court, or rulings upon the admissibility of testimony, are such as to require a reversal. The evidence authorized the verdict. The State offered the positive testimony of eye-witnesses other than the prosecutrix, tending to establish the guilt of the accused.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*