SLICER *v.* THE STATE.

PER CURIAM: 1. The court did not err in overruling the demurrer to the indictment.

(a) The indictment charged the statutory offense created by the banking act of 1919 (Ga. Laws 1919, at p. 216). The indictment was not de-

murrable on the ground that it charged several distinct offenses in the same count. Under the statute creating the offense, all of the different ways therein stated, by which one might commit the offense, can be charged in one and the same count. The Penal Code (1910), § 954, provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." The indictment in this case states the offense in the terms and language of the Code, and so plainly that the nature of the offense charged may be easily understood by the jury.

(b) The statute on which the indictment is based is not in conflict with the due-process clause of the State or Federal constitution. Even if a court, acting within its jurisdiction in the trial of a case, has made erroneous rulings or decisions, in such a case the party is left to appropriate remedies for the correction of errors in judicial proceedings. The commission of such errors does not present any constitutional question for decision by this court. Arrowsmith v. Harmoning, 118 U. S. 194 (6 Sup. Ct. 1023, 30 L. ed. 243); In re Converse, 137 U. S. 632 (11 Sup. Ct. 191, 34 L. ed. 796); N. Y. &c. R. Co. v. McKeon, 189 U. S. 509 (23 Sup. Ct. 853, 47 L. ed. 922); Davidson v. Hartford Life Ins. Co., 151 Mo. App. 564 (132 S. W. 291). "These constitutional provisions do not furnish guaranties against erroneous rulings or decisions of the trial court." Norman v. State, 171 Ga. 527 (156 S. E. 203, 205).

(c) Other grounds of the demurrer are without merit, and are either controlled by the foregoing rulings or are not of such character as to require separate mention and discussion.

2. The indictment contained two counts. The first count was stricken on demurrer and the trial proceeded on the second count alone. In view of the ruling above to the effect that the section of the banking act on which the indictment was based creates a single offense, there is no merit in the assignment of error on the refusal of the court to require the prosecution to elect on which transaction charged in the bill of indictment the State would ask for a conviction. Moreover, the court limited the finding of the jury to a single class of transactions, as shown by the following: "If you believe this defendant is guilty and believe that beyond a reasonable doubt, the form of your verdict would be 'We, the jury, find the defendant, J. S. Slicer,—and you should name him, as this indictment is against two parties,—guilty, which would mean you find him guilty of wilfully misapplying the moneys, funds, securities, or credits of the bank as alleged in the indictment."

3. When the venire of jurors was put upon the defendant, and the selection of the jury was about to begin, the defendant called upon the court for a judgment determining the number of peremptory challenges to which defendant was entitled in the selection of said jury, defendant claiming 60 peremptory challenges on the ground that three separate felonies were charged under the count of the indictment upon which the trial was proceeding; and the court rendered judgment overruling this contention of defendant and denying to defendant the right to more than 20 peremptory challenges in the selection of said jury. The judgment was not erroneous. There was but a single offense charged.

4. The evidence supports the verdict, and none of the assignments of error are meritorious.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

No. 7831.   February 28, 1931.

*Colquitt, Parker, Troutman & Arkwright, D. K. Johnston,* and *Branch & Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *John H. Hudson,* contra.