ELLIOTT *et al. v.* THE STATE.

804

No. 13410. SEPTEMBER 25, 1940.

806

*John F. Echols* and *R. E. Kirby,* for plaintiffs in error.

*Ellis G. Arnall, attorney-general, H. G. Vandiviere, solicitor-general, E. J. Clower* and *C. E. Gregory, Jr., assistant attorneys-general,* contra.

DUCKWORTH, Justice. █ Ground 4 of the amendment to the motion for new trial is but a further argument of the general grounds, and these will all be treated together. The testimony of the alleged injured female makes a case of rape as charged in the indictment. She is corroborated by one witness who testified that shortly thereafter her appearance showed that she had been crying, by the testimony of her father and another witness that tracks were

observed by them at the place where she said the car had stopped, and also by the testimony of the sheriff as to the admissions by the defendant Elliott. With this testimony for the State sustaining the verdict of guilty, whether the circumstances and evidence produced by the defendants were sufficient to discredit or contradict the State's evidence was a matter solely and exclusively for the determination of the jury. Code, § 38-1805; *Merritt* v. *State,* 190 *Ga.* 81 (8 S. E. 2d, 386). It is true that the female made no outcry at the time of the attack, and disclosed it for the first time to her mother nine days thereafter, and that these circumstances unexplained would be strong evidence for the consideration of the jury on the question of her credibility. It is impossible to photograph every act and circumstance occurring upon the trial for the observation and consideration of the jury, that they may be reviewed by this court; but the jury is entitled to consider any and all circumstances in reaching its verdict. The jury might properly have considered the question as to whom she might have addressed a plea for help while being attacked, when she knew that her father had told her she could never return to his home, and her husband, the man from whom she had a right to expect protection, was there aiding and abetting her attackers. The record shows that she was only seventeen years of age, while her husband was approximately thirty years old. This difference in age doubtless enabled him completely to dominate her, and his own conduct, as related by her, made it impossible for her to expect any assistance at his hands. The jury would have been authorized to consider that her silence for nine days was explained by the fact that she was under the constant domination of her husband, and was doubtless without hope of being able to return to her father. It can not be said that these circumstances were sufficient to demand that the jury disregard her testimony, which was corroborated. Compare *Bennett* v. *State,* 102 *Ga.* 656 (29 S. E. 918); *Towns* v. *State,* 149 *Ga.* 613 (101 S. E. 678); *Walker* v. *State,* 151 *Ga.* 341 (106 S. E. 547); *Willkie* v. *State,* 159 *Ga.* 559 (126 S. E. 283); *Suber* v. *State,* 176 *Ga.* 525 (168 S. E. 585); *Annunciatio* v. *State,* 176 *Ga.* 787 (169 S. E. 3). These grounds of the motion are without merit.

■ Special ground 1 complains of the action of the judge in excusing the alleged injured female while under cross-examination and while crying, and directing that she be carried out to her

mother. Defendants' counsel asked the witness if Eugene Elliott pulled her legs apart when he attempted to rape her while she was on the ground. Thereupon she began crying and continued to cry for about five minutes, and the examination could not proceed; whereupon the court directed that she be carried out to her mother. Because of this action on the part of the court the defendants moved that a mistrial be declared, which was refused, and error is assigned. It is contended that the emotional outburst of the witness prejudiced the jury, and that the court's instruction that she be taken out to her mother prejudiced the jury, in that it recalled to the jurors' minds their own childhood days and the sympathy and understanding of a mother for a child that was hurt or wronged. We do not think that it is contended that a show of emotion on the part of a witness demands a mistrial. Such a rule would paralyze court procedure, and might easily prevent the court from ever rendering judgment. Nor can this court say that the judge committed error by having the witness carried out to her mother, since her emotions had made it impossible for the trial to proceed. There is nothing in the words of the court that would tend to prejudice the jury either way in the case. The language used is a simple, fair, and impartial instruction which in the judgment of the trial court was necessary under the circumstances. In the matter of declaring a mistrial based upon such grounds, the trial court had a broad discretion, and it does not appear that this discretion was abused. Compare *Darden* v. *State,* 171 *Ga.* 848 (6) (157 S. E. 48); *Esa* v. *State,* 19 *Ga. App.* 14 (3) (90 S. E. 732); *Hudson* v. *Devlin,* 28 *Ga. App.* 458 (6) (111 S. E. 693).

Special ground 2 complains because the female, while on cross-examination, when asked the question, "What was in the note that your father read that was sent to you on the night you ran away with Boots Boling, the note that Boots Boling sent you?" replied, "That is none of your business." Complaint is also made because, in answer to another question, this witness replied, "As to what I said when Eugene Elliott got on top of me—if that is the best kind of talking you can do, you can just shut your mouth." This ground does not show that any objection was made to the statements or attitude of the witness, or that any appeal was made to the court to require her to give proper answers, or in what manner the questions were material. From all that appears from

this ground the defendants elected to accept the responses and take chances on receiving a favorable verdict; and having so elected, they will not now be heard to complain. Nor was any ruling of the court invoked; and therefore this ground presents no ruling for review. *Ramsey* v. *State,* 92 *Ga.* 53 (17 S. E. 613) ; *Washington* v. *State,* 124 *Ga.* 423 (10) (52 S. E. 910) ; *Hendrix* v. *State,* 173 *Ga.* 419 (160 S. E. 614). There is no merit in this ground.

◼ Special ground 3 is as follows: "Movants contend that they were charged with a grave and heinous crime, and that their counsel had the right to a thorough and sifting examination of the alleged injured female, and that her continuous crying and refusal to answer questions while on cross-examination, and her repeated emotional outbursts, handicapped counsel for the defendants in making a successful defense; and they contend that a new trial should be granted on this ground." This ground fails to show that assistance of the court was requested, that any ruling of the court was invoked, or that they were in any wise limited by any ruling of the court in their right to cross-examine the witness. Having thus proceeded to verdict without making such complaint, the defendants took their chances on a verdict of acquittal; and the complaint is without merit. *Echols* v. *State,* 153 *Ga.* 857 (2) (113 S. E. 170).

◼ The remaining ground is an objection to the testimony of the sheriff, relating to the admission made by the defendant Elliott. The admission of this testimony is assigned as error on the ground that a "confession while in custody is not admissible, and that this evidence was not admissible in rebuttal." The proper foundation for the admission of this testimony was laid when the sheriff testified that the statement was made freely and voluntarily, without threat or hope of reward; and it was in rebuttal of the statement of defendant Elliott that he was not guilty and that the car did not stop during the trip. *Bradberry* v. *State,* 170 *Ga.* 859 (4) (154 S. E. 344) ; *Simmons* v. *State,* 181 *Ga.* 761 (4, 5) (184 S. E. 291) ; *Worthy* v. *State,* 184 *Ga.* 402 (5) (191 S. E. 457). There is no merit in this ground.

<div align="center">

*Judgment affirmed. All the Justices concur.*