## WILLIAMS *v.* THE STATE.

No. 16839. OCTOBER 12, 1949.

*John F. Brannen* and *Kirkland & Lane,* for plaintiff in error.
*Eugene Cook, Attorney-General, Walton Usher, Solicitor-General, W. G. Neville,* and *Rubye G. Jackson,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ We have reviewed the brief of evidence adduced upon the trial. It would serve no useful purpose to relate here the sordid details of the two occurrences appearing in the brief of evidence. Suffice it to say that, as to the general grounds of the motion for new trial, the evidence was sufficient to support the verdict on the grounds of duress on the wife by the acts and conduct of the accused, causing her to submit to intercourse with the Negro man, which evidence is amply corroborated by the testimony of the Negro man. A man may be principal in the second degree to rape upon his wife. *Elliott* v. *State,* 190 *Ga.* 803 (10 S. E. 2d, 843).

■ By the first ground of the amended motion, error is alleged by asserting that one of the trial jurors was related to the prosecutor within the prohibited degree and therefore disqualified to serve. In support thereof, affidavits were submitted showing that the grandfather of the juror was a brother of the grandmother of the prosecutor, thus making the great grandfather and great grandmother of each common ancestors. There was no counter-showing denying this relationship. This being true, the prosecutor and the juror were third cousins and related by consanguinity within the sixth degree according to the civil law. Under the act (Ga. L. 1935, p. 396) now codified in Code (Ann.) § 59-716, it is provided that "all trial jurors . . shall be disqualified . . when such juror is related . . to any party interested in the result of the case or matter, within the sixth degree, as computed according to the civil law." The civil law is computed by counting from one of the persons up to the common ancestor, and then down again to the other person. See diagram in *Smith* v. *State,* 2 *Ga. App.* 574 (59 S. E. 311), and *Ethridge* v. *State,* 163 *Ga.* 186 (136 S. E. 72). Accordingly, this

juror, being related within the prohibited degree to the prosecutor, was disqualified to serve. *Harris* v. *State,* 188 *Ga.* 745 (2) (4 S. E. 2d, 651), and citations.

But the mere fact that the juror was disqualified, standing alone, is not sufficient to require the grant of a new trial. The accused must go further and show that neither he nor his counsel had knowledge of such disqualification. If either had such knowledge and took the chance of being acquitted by the jury upon which this juror was serving, they could not then be heard to say that the juror was disqualified. *Lampkin* v. *State,* 87 *Ga.* 516 (7) (13 S. E. 523).

In attacking a juror, after verdict, by reason of relationship to the prosecutor, we are unable to find any promulgated rule as to what the accused and his counsel must show by affidavit as to their lack of knowledge of such relationship. To be more specific, what period of time must be covered? Is it sufficient to say that they had no such knowledge "before the case began to be tried," as set forth in the affidavit of counsel in the instant case, or "before the case was tried" as contained in the affidavit of the accused?

This question, in principle, is the same as the requirements of counsel and the accused to show lack of knowledge of the existence of evidence where a new trial is sought on the grounds of newly discovered evidence. In such cases provision is made under the Code, § 70-205, that counsel and the accused must show they did not know of the existence of such evidence "before the trial." As far back as *Berry* v. *State,* 10 *Ga.* 511 (14), this court has required newly discovered evidence to have been acquired after rendition of the verdict. See also *Clark* v. *Carter,* 12 *Ga.* 500 (3); *O'Barr* v. *Alexander,* 37 *Ga.* 195 (7); *Colquitt* v. *Smith,* 72 *Ga.* 515 (2); *Norman* v. *Goode,* 121 *Ga.* 449, 453 (49 S. E. 268); *Harris* v. *State,* 188 *Ga.* 745 (2) (4 S. E. 2d, 651). In *Moore* v. *State,* 202 *Ga.* 357 (1) (43 S. E. 2d, 251), it was said: "This court in *Widincamp* v. *State,* 135 *Ga.* 323 (69 S. E. 539), has construed the first sentence of the statute to mean that, 'When newly discovered evidence is relied on as a ground for new trial, it should appear that the defendant and his counsel were ignorant of it until after the trial.'"

We find no instance where a case has been reversed by reason

of relationship of a prosecutor and juror, except where a showing was made that such relationship was not known, and could not have been discerned, until after verdict. Accordingly, we hold that, where, after verdict, a juror is attacked as being disqualified by reason of relationship to the prosecutor, it is essential for the accused and his counsel to establish that neither knew of the relationship, nor could it have been discovered by the exercise of ordinary diligence, prior to the rendition of the verdict; and that the affidavit of counsel for the accused in the instant case, asserting that he had no such knowledge "before the case began to be tried," does not meet this requirement. Otherwise there would be no showing that the relationship was not known, and could not have been known, during the time the trial was in progress.

■ The fifth ground alleges error in the admission of testimony. When Mrs. Moran Williams, the victim, was on the stand, the attorney for the State asked: "Did you have any conversation with the man, James Dunn, that night at your home? Answer: I just told him what Thurman (accused) told me to tell him about." Attorney for accused: "If your Honor pleases, I object to any conversation she had with James Dunn, not in the presence of this defendant." The Court: "Well, if Thurman was there." Attorney for accused: "He hasn't laid his foundation yet." Attorney for State: "I just ask her, did she have any conversation with him." The amended motion then sets forth about a page of the record of the evidence given by Mrs. Williams, asserting it to be a conversation with James Dunn out of the presence of the accused. Only a small portion of the evidence set forth was a conversation between Mrs. Williams and James Dunn, and assuming that it was out of the presence of the accused (though it is doubtful if the record so discloses), yet much of the evidence objected to was admissible.

There was no motion made to rule out the particular portion of the testimony constituting a conversation, and therefore no ruling of the court being invoked, no question for review of the trial court's ruling is presented.

■ The sixth ground of the amended motion asserts error in the admission of testimony. As to the second occurrence, the wife had testified that the accused took her in a car, drove to

the home of the Negro and got him in the car, took them into the woods, and required her to submit to the Negro in front of the car with the lights burning; that he then took the Negro home, and on the way back to their home "Thurmond stopped over there in the road and said he was going to beat me"; the objection to the above-quoted evidence being that it was immaterial, irrelevant, inadmissible, an entirely different transaction, and not related to the charge for which the accused was being tried. She further testified that he did then and there beat her. The evidence was admissible, not only as showing the state of mind of the accused, but also as illustrating that she acted under duress in delaying a report of the occurrences to the sheriff. *Elliott* v. *State*, 190 *Ga.* 803 (1) (10 S. E. 2d, 843), and citations.

■ The seventh ground of the amended motion asserts error in permitting the victim to testify as to statements to her, and acts and conduct of the accused towards her prior to the commission of the rape; the particular evidence objected to being the circumstances and details concerning the first occurrence, which took place on December 1, 1948, at the home of the accused. This evidence was material to the case and admissible.

■ Ground eight asserts error in that the court failed to charge the law of conspiracy. The evidence did not require a charge on conspiracy, nor was there any injury to the accused by the failure so to charge.

■ Ground nine excepts to evidence after the commission of the act, but illustrating duress and explaining why a report of the incident was delayed. This ground is covered by rulings made in the fourth division of this opinion.

■ The tenth ground asserts error in the admission of the testimony of Sheriff Deal as to a conversation with the accused. No objection was made to this testimony, and accordingly no question for determination is presented.

■ The eleventh ground alleges error in the failure of the court to charge the law of confessions. The conversation with Sheriff Deal which is set forth as a confession was not a confession, but, in fact, a denial of guilt. It would have been error so to charge.

■ The corresponding headnote needs no elaboration.

■  The thirteenth ground is based on the refusal of the trial judge to charge a written request as follows: "I charge you further, gentlemen, that one cannot justify acts committed against her person, on the ground of any fear in the future, the fear must be present and immediate." It was not error to refuse so to charge. There was no evidence that the victim sought to justify the assault upon her, or any act committed upon her person.

■  The corresponding headnote requires no elaboration.

*Judgement affirmed. All the Justices concur.*