37239. PETERSON *v.* THE STATE.

CARLISLE, Judge. 1. On authority of repeated rulings of this court and of the Supreme Court, where there is evidence tending to show a confession of guilt by the accused, it is not ground for a new trial that the trial judge failed in the absence of a timely and proper written request to instruct the jury on the subject of confessions. *Hardee v. State*, 47 *Ga. App.* 813 (3) (171 S. E. 560); *Wyatt v. State*, 50 *Ga. App.* 266 (2) (177 S. E. 840); *Jones v. State*, 150 *Ga.* 628 (1) (104 S. E. 425). Accordingly, the first special ground of the motion for new trial was not meritorious, and the trial judge did not err in overruling it.

2. The police officer who arrested the defendant testified on direct examination that the defendant gave him a written statement; that he did not offer him any hope or reward, and that he made it freely and voluntarily. This testimony was objected to by counsel for the defendant on the ground that the State had not laid the proper foundation and that it could not have been made freely and voluntarily when the defendant was in custody of the police. The court overruled this objection, and the defendant assigned error in special ground 2 on this ruling. This testimony was not objectionable on any of the grounds urged. See *Wilburn v. State*, 141 *Ga.* 510 (5) (81 S. E. 444); *Elliott v. State*, 190 *Ga.* 803, 809 (10 S. E. 2d 843); and, *Garrett v. State*, 203 *Ga.* 756, 761 (48 S. E. 2d 377), setting forth an interesting and exhaustive

discussion of this question, and quoting extensively from *Bryant* v. *State,* 191 *Ga.* 686, 710 (13 S. E. 2d 820).

3. Special ground 3 of the motion for new trial assigns error because the court failed to charge the law on impeachment of witnesses. An examination of the evidence in this case fails to reveal any effort to formally impeach any witness by any of the means provided under Chapter 38-18 of the Code. In fact, no substantial conflict in the evidence appears, the defendant's statement not being such proof of contradictory facts as would authorize a charge on this subject in the absence of a timely written request. *Freeman* v. *State,* 112 *Ga.* 48 (1) (37 S. E. 172).

4. The evidence authorized the verdict of guilty.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 15, 1958.

*James E. Weldon,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.

CORRECTIONS.

Page 4, line 3 from bottom: Change "overrule" to "sustain."
Page 134, line 2 from top: Change "that" to "of."
Page 679, line 11 from bottom: Change "understanding" to "understand."