## 48023. HARVEY v. THE STATE.

PANNELL, Judge. 1. The provisions of Code § 59-805 that "[e]very person indicted for a crime or offense which may subject him to . . . imprisonment in the penitentiary for not less than four years may peremptorily challenge 20 of the jurors impaneled to try him" do not apply to a case where the defendant is indicted in more than one count, and where none of the counts charge him with an offense punishable by four years or more imprisonment in the penitentiary. The maximum time of imprisonment in the penitentiary for a particular charge determines the number of peremptory challenges allowed, rather than the total of all charges. See in this connection *Vismore v. State,* 41 Ga. App. 544 (1) (153 SE 776); *York v. State,* 42 Ga. App. 453 (3) (156 SE 733); *Meriwether v. State,* 63 Ga. App. 667 (11 SE2d 816); *Reynolds v. State,* 101 Ga. App. 715 (2) (115 SE2d 214).

2. Where a defendant is indicted upon two counts and convicted on each with a recommendation for misdemeanor punishment pursuant to Code § 27-2501, "It is in the discretion of the trial judge whether he will approve such recommendation, and his action in the matter is final." *Harris v. State of Ga.,* 216 Ga. 740 (119 SE2d 352) and cits.

3. The evidence was sufficient to authorize the verdicts, and no error otherwise appearing, the action of the trial judge in overruling the motion for new trial is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 9, 1973 — DECIDED
APRIL 19, 1973.

*Wright & Faircloth, George P. Wright,* for appellant.
*D. E. Turk, District Attorney,* for appellee.