48359. MUNSFORD v. THE STATE.
48360. ROBINSON v. THE STATE.
48361. MOORE v. THE STATE.

STOLZ, Judge. These three defendants appeal from their convictions of the offense of robbery by force, for which they were jointly indicted and tried. *Held:*

1. Enumerated errors 1 through 5 pertain to the number and apportionment of peremptory challenges, or strikes, to which each individual defendant was entitled. Prior to 1972, our courts construed Code § 27-2101 to mean that, where persons jointly indicted for an offense go to trial together, "they do not waive any right of peremptory challenge, but *each* is entitled to his full statutory allowance." (Emphasis supplied.) *Cumming v. State,* 99 Ga. 662, 663 (27 SE 177), citing *Cruce v. State,* 59 Ga. 83, 85 and *Butler v. State,* 92 Ga. 601 (19 SE 51). Code § 27-2101, as amended by Ga. L. 1972, pp. 618, 619, now provides: "When two or more defendants are jointly indicted for a capital offense, any defendant so electing shall be separately tried unless the State shall waive the death penalty; when indicted for a capital felony when the death penalty is waived or for a felony less than capital, or for a misdemeanor, defendants may be tried jointly or separately in the discretion of the trial court; in any event either defendant may testify for the other or on behalf of the State. When separate trials are ordered in any case, the defendants shall be tried in order requested by the State. If the offense requires joint action and concurrence of two or more persons, acquittal or conviction of one shall not operate as acquittal or conviction of others not tried. *When two or more defendants are tried jointly for a crime or offense said defendants shall be entitled to the same number of strikes as a single defendant if*

*tried separately. Said strikes shall be exercised jointly by the defendants or shall be apportioned among the defendants in the manner the court shall direct. In the event two or more defendants are tried jointly, the court, upon request of defendants, acting in its sole discretion, may allow an equal number of additional strikes, not to exceed five each, to the defendants as the court shall deem necessary to the ends that justice may prevail."* (Emphasis supplied, indicating provisions added by the 1972 amendment.) An important change made by the 1972 amendment, then, is that, when two or more defendants are tried jointly for a crime or offense, "said defendants" (*collectively*) now shall be entitled to the same number of strikes as a single defendant if tried separately (to be exercised either jointly or proportionately at the trial judge's direction), rather than each individual defendant's being entitled to his full statutory allowance, as was previously the law.

Each individual defendant, if separately tried, would have been entitled to 12 peremptory challenges under Code § 59-805, since the punishment prescribed by Code Ann. § 26-1901 (Ga. L. 1968, pp. 1249, 1298) for the offense of robbery is "imprisonment for not less than one nor more than 20 years," which is within the category of "any time less than four years" in Code § 59-805. Hence, the three co-defendants were entitled under § 27-2101 to 12 strikes, or 4 strikes each under the trial court's direction that each was to have "his proportionate share." Since the trial judge allowed the defendants 20, rather than the prescribed 12, strikes, each defendant had 6 2/3 strikes or 7 by a common sense construction) instead of only the 4 to which he was entitled by law, and there was, therefore, no harmful error committed. For this reason, the trial judge's refusal to order separate trials for each defendant (on the ground of the alleged deprivation of the full statutory allowance of strikes) and his denial of the requests for additional strikes, both of which are discretionary with the trial judge under § 27-2101 as amended, were not abuses of discretion. In this connection it should be noted that the trial judge, upon the defendants' counsels' requests, should have directed the exact number of strikes to which each defendant was entitled if they were not to be exercised jointly, so as not to leave this important matter in doubt, or leave the impression that they might have a fraction of a strike (as 6 2/3), a result certainly never intended. See *Cumming v. State,* 99 Ga. 662 (1), supra.

2. Enumerated errors 6 through 13 in each case complain of the

admission in evidence, over objection, of the written confessions of the co-defendants and all other testimony and evidence pertaining thereto, on the grounds that a prima facie conspiracy had not been proved or, if so, had terminated prior to such in-custody statements; and that such statements were hearsay, for which the proper foundation had not been established and no findings made of their voluntariness and the defendants' waiver of their constitutional rights, including the right to counsel, at the time they were made.

"A conviction may be had upon a free and voluntary confession corroborated only by proof of the corpus delicti. . ." *Poythress v. State,* 95 Ga. App. 124 (97 SE2d 165) and cits.; *Motes v. State,* 66 Ga. App. 543 (18 SE2d 497) and cit. The corpus delicti was sufficiently proved in this case by the evidence, which included eyewitness identification of two of the four co-indictees, who were the ones who actually went inside the victim's place of business and stole his money by the use of force. The record shows that each defendant was informed by one or more persons of his constitutional rights, including the right to counsel, prior to making his statement, that none of the defendants requested counsel at that time, and that they all voluntarily confessed as to their own, as well as their co-defendants', knowing participation in the crime with which they were charged. Furthermore, the court properly instructed the jury that they should not consider the statements unless they found them to have been freely and voluntarily made. Hence, each individual defendant was properly convicted upon his *own* free and voluntary confession, corroborated by the proof of the corpus delicti, regardless of the admissibility of his co-defendants' confessions.

3. Enumerated errors 14, 15 and 21 argue the sufficiency of the evidence to support the verdicts. The refusal of the trial judge to direct verdicts of acquittal was not error here because such verdicts were not demanded as a matter of law. See *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311). On the contrary, the verdicts were authorized by the evidence, as we have held in Division 2 hereinabove.

4. Enumerated error 16—the trial judge's refusal to grant a motion for mistrial on the ground of the district attorney's alleged comment, in his argument, on the defendants' failure to testify under oath—cannot be ruled on, since the argument was not required to be recorded (Code § 27-2401) and there is no

stipulation in the record as to what the alleged comment was.

5. Enumerated error 17, the contended failure to charge the necessity of corroboration, is without merit. The judge charged as follows: "A confession, alone, uncorroborated by other evidence, will not justify a conviction. . . Now, the amount of corroboration to a confession which has been freely and voluntarily made to authorize a conviction upon such confession is a question of fact to be determined by the jury." Furthermore, as was held in Division 2 hereinabove, each defendant's conviction was authorized by his own free and voluntary confession corroborated by proof of the corpus delicti.

6. The denial of a mistrial was not error, as is contended in enumerated error 18, on the ground that the co-defendants' confessions were read to the jury from photo-copies of the originals rather than from the originals. The statements themselves, rather than the documents evidencing them, were what was being put in evidence; therefore, the "highest and best evidence" rule did not apply. Furthermore, the originals were in the courtroom, there was testimony that the copies read from were identical copies, and defense counsel stipulated that "it's the same thing."

7. The judge's refusal to instruct the jury that the defendants had in fact objected to the admission in evidence of the co-defendants' statements, was not error, as contended in enumerated error 19. As was held in Division 2 hereinabove, the convictions were authorized even without the admission of the co-defendants' statements. Moreover, the judge fully instructed the jury as to the elements of admissibility and weight to be given such confessions.

8. The appellants enumerate as error (No. 20) the trial judge's permitting the state to call Division of Investigation agent Colwell to testify after the state had already rested its case. Counsel having cross examined witness Colwell without making any objections to the state's procedure, they are deemed to have waived their right to complain. See *Timmons v. State,* 223 Ga. 450 (1) (156 SE2d 68) and cits.; *Butts v. Davis,* 126 Ga. App. 311 (8) (190 SE2d 595) and cits.

*Judgment affirmed. Eberhardt, P J., and Pannell, J., concur.*
SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 4, 1973.

*Kopp, Peavey & Conner, John Kopp,* for Munsford.
*Bennett, Pedrick & Bennett, E. Kontz Bennett, Jr.,* for Robinson.

*Ben Smith, Jr.,* for Moore.
*Dewey Hayes, District Attorney,* for appellee.