## 49666. FREEMAN v. THE STATE.

WEBB, Judge.

Eddie Freeman was tried and convicted in Fulton Superior Court for the offenses of voluntary manslaughter and misdemeanor (pistol). The jury fixed punishment at 20 years. Freeman and his wife had recently separated; he came in one night with his pistol; he and his wife had an argument; and she was shot. Freeman contended that the shooting was an accident, the result of a struggle over the gun between his wife and himself. At the conclusion of the evidence, the trial judge charged the jury on murder, voluntary and involuntary manslaughter, and accidental homicide.

On direct appeal to this court, Freeman enumerates 21 errors. The first eight are challenges, as errors, to the refusal of the trial judge to permit Freeman's counsel to ask jurors on voir dire the following questions:

1. "Is it not fair for me to say that notwithstanding the Court's instructions, you would nevertheless expect from one who enters a plea of not guilty, to give some explanation."

2. "The Court will charge you with respect to reasonable doubt. Now, when the Court uses the phrase,

beyond a reasonable doubt, you will be aware that the test is not going to be simply reasonable doubt, but somewhere beyond a reasonable doubt."

3. "Mr. Godwin, do you think it's possible for parties to be tussling over a weapon and the weapon to discharge?"

4. "Are you aware, that when you heard Mr. England read to you, that the Grand Jurors of this County accused and charge my client with murder; do you feel that was simply a finding of guilt?"

5. "Have you ever heard of a death being accidental?"

6. "Does the fact that the State has sent a prosecutor to prosecute this charge, do you believe that therefore, there's some guilt associated with my client?"

7. "If you were so unfortunate as to find yourself sitting at this table. . ."

8. "Are you aware then, that the Grand Jury, that the investigation made by the Grand Jury does not go to the guilt or innocence?"

Substantially the same question as the first was asked[1] in Young v. State, 131 Ga. App. 553 (2) (206 SE2d 536). We see no reason to hold differently now than we did in that case. The trial judge properly refused to permit the question. See McNeal v. State, 228 Ga. 633, 636 (187 SE2d 271); Hill v. State, 221 Ga. 65 (5) (142 SE2d 909).

Likewise, we hold that the trial judge properly ruled out questions 2 through 8. "The single purpose of voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias or prior inclination." Whitlock v. State, 230 Ga. 700 (5) (198 SE2d 865). Counsel on voir dire "should confine his questions to those which may illustrate any prejuduce of the juror against the accused or any interest of the juror in the cause." McNeal v. State, supra; Young v. State, supra; Lundy v. State, 130 Ga. App. 171 (2) (202 SE2d 536). The questions asked presented no matter which would illustrate any interest of the juror in the cause, as provided by Code Ann. § 59-705. The

_____

[1] Counsel for Freeman was also counsel for Young.

language of this Code section (59-705) is broad, "but the trial judge still retains the discretion to limit the examination of prospective jurors to questions dealing directly with the specific case." *Hill v. State*, supra; *Curtis v. State*, 224 Ga. 870, 871 (165 SE2d 150).

Enumerations of errors 9 through 21 are not properly supported in the brief by proper argument or citation of authority and are deemed abandoned. Rule 18 (c) (2), this court. Furthermore, they are without merit.

We find no error, and the judgment is affirmed.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 4, 1974 — DECIDED SEPTEMBER 19, 1974.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, J. Melvin England, Joel M. Feldman, Assistant District Attorneys,* for appellee.