## 49854. LOWE v. THE STATE.

WEBB, Judge.

Defendant was indicted for aggravated battery, aggravated assault, and two misdemeanor pistol offenses. At the trial he insisted that since he might be subjected to imprisonment for a maximum of 10 years for aggravated assault (Code Ann. § 26-1302), or a maximum of 20 years for aggravated battery (Code Ann. § 26-1305), he was entitled to 20 peremptory challenges under Code § 59-805. The state contended, however, that since the minimum punishment prescribed by §§ 26-1302 and 26-1305 was less than 4 years, defendant was entitled to only 12 peremptory challenges under § 59-805. The trial court ruled that defendant was entitled to only 12, and he now appeals from the judgment of conviction and sentence enumerating this ruling as error. *Held:*

1. Code § 59-805 provides that "Every person indicted for a crime or offense which may subject him to death or imprisonment in the penitentiary for not less than four years may peremptorily challenge 20 of the jurors impaneled to try him, and every person indicted for an offense which may subject him to imprisonment in the penitentiary for any time less than four years may peremptorily challenge 12 of the jurors impaneled to try him." The punishment for aggravated assault is imprisonment for "not less than one nor more than 10 years" (Code Ann. § 26-1302); the punishment for aggravated battery is imprisonment "for not less than one nor more than 20 years."

It will be observed that in determining the applicable number of peremptory challenges for the offense charged, either the maximum or the minimum sentence possible, but not both, must be taken as the determinative factor with respect to both clauses of §

59-805 — if the maximum is taken for one clause and the minimum for the other, an absurdity results. For example, if the maximum of 20 years for aggravated battery is taken for the first clause and the minimum of 1 year for the second, the defendant is entitled at once to both 20 challenges and 12 challenges, rendering the section impossible of application.

The question before us, then, is whether the maximum or the minimum sentence is determinative. In *Munsford v. State,* 129 Ga. App. 547 (199 SE2d 843), where three defendants were jointly indicted and tried for robbery by force, we held that "Each individual defendant, if separately tried, would have been entitled to 12 peremptory challenges under Code § 59-805, since the punishment prescribed by Code Ann. § 26-1901 (Ga. L. 1968, pp. 1249, 1298) for the offense of robbery is 'imprisonment for not less than one nor more than 20 years,' which is within the category of 'any time less than four years' in Code § 59-805. Hence, the three co-defendants were entitled under § 27-2101 [providing that joint defendants are entitled to the same number of strikes as a single defendant] to 12 strikes, or 4 strikes each under the trial court's direction that each was to have 'his proportionate share.' " We thus ruled that the minimum sentence is determinative.

It is stated in the brief of the state that it "is not unmindful of the decision of *Harvey v. State,* 128 Ga. App. 844 (1) (198 SE2d 323), in which this court stated that 'The *maximum* time of imprisonment in the penitentiary for a particular charge determines the number of peremptory challenges allowed . . .' Many practitioners had assumed this was the law." (Emphasis supplied.) Indeed, both the Supreme Court and this court, without specifically deciding the point, had assumed that the maximum sentence possible was determinative. *Towns v. State,* 149 Ga. 613 (1) (101 SE 678) (20 strikes for indictment for rape, carrying possible penalty of death or 1-20 years); *Slicer v. State,* 172 Ga. 445 (3) (157 SE 664) (20 strikes for banking offense carrying penalty of 1-10 years); *Hobbs v. State,* 229 Ga. 556, 560 (6) (192 SE2d 903) (rape — death, life or 1-20 years (§ 26-2001) — "Code § 59-805 allows the defendant the privilege of peremptorily

challenging 20 of the jurors.") *Esa v. State,* 146 Ga. 17 (90 SE 278) and 19 Ga. App. 14 (90 SE 732) (20 strikes — manslaughter-misdemeanor or 1-20); *Geiger v. State,* 129 Ga. App. 488, 494-495 (2a) (199 SE2d 861) (20 strikes — forgery, conspiracy, bad check misdemeanors, drug offenses).

The point was ruled upon in *Cruce v. State,* 59 Ga. 83, and *Arnold v. State,* 86 Ga. App. 160 (71 SE2d 102). In *Cruce* it was held that when two defendants are tried jointly, each is entitled to his "full statutory allowance" of peremptory challenges.[1] Defendants in that case were indicted for robbery, which carried possible penalties of 4 to 20 years or 2 to 5 years. The Supreme Court reversed the trial court for refusing to allow Cruce "the twenty peremptory challenges to which a prisoner charged with the offense of robbery would be entitled" under former Code § 4643, which provided that "Every person indicted for a crime or offense which may subject him or her, on conviction, to death, or to four years' imprisonment or longer in the penitentiary, may peremptorily challenge twenty of the jurors. . ."

In *Arnold,* supra, we held: "The punishment for larceny of a hog is fixed by statute at 'not less than two nor more than four years.' Code §§ 26-2611, 26-2609. Code § 59-805 provides that, at the trial of every offense which may subject the defendant to 'death or imprisonment in the penitentiary for not less than four years,' the defendant may peremptorily challenge twenty jurors from those impaneled to try him. The term 'not less than' four years in Code § 59-805 includes the amount of exactly four years. (Citations omitted.) Further, the term 'not more than four years' in Code § 26-2609 means 'not exceeding four years,' and includes the amount of exactly four years. (Citations omitted.) On the trial of each of these cases a punishment of exactly four years might have been inflicted, and as such sentence is included

---

[1] Decided prior to Ga. L. 1972, p. 618 (Code Ann. § 27-2101), providing that joint defendants are generally limited to the same number of peremptory challenges as a single defendant.

within the terms of Code § 59-805, supra, the trial court erred in allowing the defendants no more than 12 peremptory challenges."

Thus, prior to *Munsford,* 129 Ga. App. 547, supra, it had been held or assumed without exception that the maximum sentence possible was determinative of the number of peremptory challenges allowed, and the statement to this effect in *Harvey v. State,* 128 Ga. App. 844 (1), supra, is correct. We simply erred in *Munsford,* and it is hereby overruled insofar as it holds that the minimum sentence possible is determinative.

Enumeration of error 2, complaining that the court erred in ruling that defendant was not entitled to twenty strikes, is meritorious and requires reversal.

2. Remaining enumerations of error have either been abandoned (Rule 18(c2)), this court; *Freeman v. State,* 132 Ga. App. 615, 617 (208 SE2d 625)) or need not be passed upon.

*Judgment reversed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Evans, Clark and Marshall, JJ., concur. Stolz, J., concurs specially.*

STOLZ, Judge, concurring specially.

I feel constrained to confess error in the interpretation of Code § 59-805 in *Munsford v. State,* 129 Ga. App. 547(1) (199 SE2d 843). While I feel the *Munsford* interpretation is reasonable, it is not the interpretation placed on the statute in prior decisions of this court and, more especially, the Supreme Court, by whose opinion we are bound. I thus concur in the majority opinion and agree that the language referred to in *Munsford* is erroneous.

SUBMITTED NOVEMBER 5, 1974 — DECIDED NOVEMBER 27,1974.

*Jack Dorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, H. Allen Moye, Assistant District Attorneys,* for appellee.