## 72453. BONNER v. THE STATE.
### (348 SE2d 903)

McMurray, Presiding Judge.

Defendant was indicted under two separate indictments by the Grand Jury of Carroll County. In one indictment, No. 85R-4155, defendant was accused of unlawfully distributing "Lortab 7," a controlled substance, in violation of the Georgia Controlled Substances Act. In the other indictment, No. 85R-4157, defendant was charged with selling marijuana in violation of the Georgia Controlled Substances Act.

Defendant went to trial first upon the "Lortab 7" indictment. Midway into the trial, the trial court dismissed the charges in that indictment sua sponte because the substance which defendant allegedly distributed was "nothing more than a trade name and is not a substance prohibited in any statutory schedule of drugs under the Georgia Controlled Substances Act."

The next day, defendant went to trial upon the "marijuana" indictment. When the case was called counsel for defendant moved for a continuance on the following grounds: "Your Honor, the grounds for the motion are basically that Mr. Bonner was tried on another indictment. I believe it's 4155, yesterday and we had the entire jury panel with the exception of the twelve in the box . . . We were present for the selection of that jury and that was also a drug offense. The Court, yesterday, dismissed that case and of course the twelve that you called just previously in the Courtroom were the jurors on that particular case. We would move for a continuance on the grounds that the entire panel, not just those twelve, would be tainted from the fact they're aware that he previously was charged in a drug case, particularly in light of the fact that it was dismissed on what Your Honor termed a technicality. . . . [W]e think the entire panel would be tainted and we'd move for a continuance until another jury panel can be drawn."

Thereupon, the following colloquy took place between the trial court and defendant's counsel: "THE COURT: Let's make sure we have the record clear. This defendant during this same term of Court had another charge against him for the same offense, violation of the Georgia Controlled Substances Act and a jury was selected and that case was dismissed by the Court on its own motion. . . . THE COURT: . . . The twelve jurors who were on that particular case, who served on that case are not on the panel of forty-two; I called their names out . . . So, some jurors may have seen the defendant in Court

having a jury selected in another case, no question about that, and that's mainly the basis for your motion, is that correct? MR. WORD: That's correct. They are aware there was another case that was tried because we selected the entire panel with the exception of the twelve that were there yesterday in the Courtroom. . . . THE COURT: I understand that . . . I'm going to question the jurors and if any of them has seen anything in Court this time that would prejudice them against this defendant, those jurors will be disqualified, and if there's so many that are prejudiced and have to be disqualified and he couldn't get a fair trial I will grant your motion for a continuance. But at this point I will deny it."

The trial court then qualified the jury as follows: "I'll ask this question to all forty two of you ladies and gentlemen. Is there any reason whatsoever that you cannot be a fair juror in this case of the State of Georgia against Larry Lee Bonner, if so please raise your right hand. There were no hands raised, let the record so reflect. Ladies and gentlemen, is there anything you may have seen or heard in this Courthouse or away from the Courthouse around town or anywhere that would cause you to not be able to be a fair and impartial juror in this case against this defendant, Larry Lee Bonner, if so please raise your right hand. All right, thank you, ladies and gentlemen."

The case went forward and the State presented testimony of three witnesses demonstrating that defendant sold two "dime bags" of marijuana to an undercover officer via an intermediary. Defendant took the stand on his own behalf and denied the charges. The jury resolved the conflict in the evidence in favor of the State. Following the rendition of the jury's verdict, defendant was sentenced to serve six years in the State penal system. Defendant moved for a new trial. His motion was denied and he appeals. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find defendant guilty of a violation of the Georgia Controlled Substances Act (selling marijuana) beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends the trial court erred in denying his motion for continuance because 30 of the 42 jurors on the panel in the "marijuana" case went through the voir dire process upon the "Lortab 7" indictment. Defendant points out that of those 30 jurors, defendant peremptorily challenged 20 jurors in the "Lortab 7" trial; and that 5 of the 20 jurors which defendant excused in the "Lortab 7" trial were selected to try defendant in the "marijuana" case. Completing the argument, defendant asserts his right to be tried by an impartial jury was abridged by the refusal of the trial court to grant a continuance.

We cannot say the trial court erred in refusing to grant defend-

ant's motion for continuance since the trial court qualified the jury and determined that it was not prejudiced against defendant. *Terry v. State*, 160 Ga. App. 433 (287 SE2d 360); *Rutledge v. State*, 152 Ga. App. 849 (264 SE2d 248). Defendant was not deprived of his right to be tried by an impartial jury simply because 30 jurors on the panel were put upon him previously. See *Esa v. State*, 146 Ga. 17 (90 SE 278); *Hyde v. State*, 196 Ga. 475, 480 (3) (26 SE2d 744).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 9, 1986.

*T. Michael Flinn*, for appellant.

*Arthur E. Mallory III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.