## 77344. HUDSON v. THE STATE.
(374 SE2d 212)

BANKE, Presiding Judge.

Hudson was convicted of two counts of aggravated assault upon a peace officer (OCGA § 16-5-21 (c)), one count of aggravated assault (OCGA § 16-5-21 (a) (2)), and one count of driving while under the influence of alcohol. He brings this appeal from the denial of his motion for new trial.

The evidence, construed in favor of the verdict, established the following facts. As Kenneth Golphin was stopped at a red light, the appellant drove his pickup truck into the rear of Golphin's automobile, pushing it into the intersection. At the next traffic light, Golphin got out of his car and walked up to the driver's window of the appellant's truck. At that time, the appellant lowered the window and pointed a revolver in his face. Golphin retreated to his car, noted the license tag number of the appellant's truck, and later telephoned the police from a nearby service station. He then accompanied the officers who responded to the call to the appellant's residence, the location of which was determined through a check of the registration data on the truck. Shortly thereafter, the appellant was observed driving the truck on the street behind his residence. As the police approached the vehicle, the appellant exclaimed, "I'm not afraid of no damn police" and discharged a firearm in the direction of the officers. He then ran into the woods but was soon apprehended. *Held:*

1. The appellant contends that the trial court erred in denying his motion for mistrial made in response to a remark by the state's attorney during closing argument to the effect that it was his (the

state's attorney's) feeling that the reason the appellant had retained three different attorneys was because he was seeking to find one he could control. At the appellant's election, the closing arguments were not recorded. Assuming, however, that the state does not dispute that the challenged remark was in fact made (see generally *Munsford v. State*, 129 Ga. App. 547 (4) (199 SE2d 843) (1973), overruled on other grounds in *Lowe v. State*, 133 Ga. App. 420 (210 SE2d 869) (1974)), we conclude that it did not require the declaration of a mistrial, inasmuch as evidence concerning the appellant's representation by three different counsel had previously been brought to the jury's attention, and the remark was not inherently prejudicial.

2. The appellant contends that the trial court erred in instructing the jury on parties to a crime and aiding and abetting. As the appellant specifically requested an instruction on aiding and abetting, this enumeration is without merit. See *Edwards v. State*, 235 Ga. 603, 604 (221 SE2d 28) (1975).

3. The trial court did err, however, in failing to charge that knowledge by the accused that the victim is a peace officer is an essential element of the offense of aggravated assault upon a peace officer. See *Bundren v. State*, 247 Ga. 180 (2) (274 SE2d 455) (1981); *Britt v. State*, 184 Ga. App. 445 (2) (361 SE2d 710) (1987). Accordingly, the appellant's convictions of aggravated assault upon a peace officer must be vacated; and, in accordance with the state's expressed preference for resentencing rather than for a new trial on these counts, the case is remanded to the trial court with direction that the appellant be resentenced on Counts 1 and 2 of the indictment in accordance with OCGA § 16-5-21 (b), which sets forth the punishment for the lesser included offense of "ordinary" aggravated assault. See generally *Choate v. State*, 158 Ga. App. 8 (279 SE2d 459) (1981).

*Judgment affirmed in part and vacated and case remanded with direction in part. Birdsong, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 21, 1988 —
REHEARING DENIED NOVEMBER 8, 1988.

*Mary S. Donovan*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Russell J. Parker*, Assistant District Attorneys, for appellee.