## 28769. WILSON v. THE STATE.

SUBMITTED MARCH 29, 1974 — DECIDED JULY 9, 1974.

*James C. Carr, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Isaac Jenrette, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.

GRICE, Chief Justice.

Melvin Wilson was convicted in the Superior Court of Fulton County for the murder of Jesse Bennett and the shooting of Elsby Byrd. He was sentenced to imprisonment for life, and five years, the two sentences to run concurrently. He appeals from the denial of his motion for new trial on the usual general grounds.

The evidence introduced at the trial was contradictory in many respects. However, the jury was authorized to find the facts which follow.

The appellant was visiting at the home of a friend, William Eilend, on Friday, July 6, 1973, and remained there until the time of the homicide early in the morning on Sunday, July 8, 1973. They were frequently drinking alcoholic beverages during this period.

On this Friday evening, at about 8:00 or 8:30, Roszella Hill, who had been intimately acquainted with Eilend, came to his home. Runette Martin came to Eilend's home with Roszella Hill, or soon thereafter.

Roszella Hill had a pistol behind her back when she came into the room where the appellant and Eilend were, and she put the pistol in Eilend's face. The appellant immediately spun her around and disarmed her. She tried to get the pistol back from the appellant, but he would not give it to her. She came back the next day and again tried to get the pistol. The appellant would not give it to her, and she told him that she was going to get the man it belonged to and come back and get it.

Late in the evening of July 17, Eilend returned to his home, after having been out for a while, and waked the appellant, telling him that he had seen two men in the neighborhood, and that they must be the people that Roszella Hill said were coming over there. The men were strangers, but Eilend had seen them talking with Runette Martin, which was the reason he thought they were coming for the pistol.

The appellant and Eilend went out of Eilend's house and walked about 50 to 75 yards to the place where the two men were standing, talking with Runette Martin. The appellant asked them if they were looking for him. One of the men had his hand in his pocket. The appellant told him twice to take his hand out of his pocket. Someone (it is uncertain from the testimony of Eilend whether it was the appellant or Bennett) took a step or two forward, and the appellant shot Bennett, killing him. Elsby Byrd turned to run, and the appellant shot him in the face, wounding him.

The pistol used by the appellant was the one he had taken from Roszella Hill.

The appellant gave testimony in regard to the homicide and assault which follows. When the appellant approached the two men they were talking to Runette Martin. She identified the appellant to them, and they called to him. Byrd said that he wanted to see the appellant, and that he wanted the pistol that the appellant took away from Roszella. The appellant told Byrd that he did not get the pistol from Byrd, and that Byrd would have to get it from Roszella. The two men then cursed him. He told them he was not going to give the pistol to them. He backed up, and the men put their hands in their pockets, and advanced toward him. He told

them twice not to come up on him with their hands in their pockets. They continued to advance. He figured that they were going to try to hurt him. He did not know whether they were armed. When they advanced to about five feet from him, he shot Bennett and Bennett stumbled back. Byrd advanced another step and he shot him.

It was a question for the jury, under the evidence, whether the circumstances were sufficient to justify the appellant's belief that the homicide and assault were necessary to prevent his death or great bodily injury to him. See *York v. State,* 226 Ga. 281 (174 SE2d 418); *Moore v. State,* 228 Ga. 662, 663 (187 SE2d 277).

It was not error to deny the motion for new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*