## 29378. BARKER v. THE STATE.

HILL, Justice.

This appeal is from a conviction of murder and sentence of life imprisonment in the Superior Court of Bibb County.

The evidence presented at the trial established that the appellant and two companions, Wayne Mercer and Donny Livingston, had been drinking together at the Po-Boy Drive-In in Macon on the evening of Wednesday, September 23, 1973. The appellant displayed a pump shotgun to a witness and suggested that they go "get a nigger." He, Livingston and Mercer drove around in Mercer's red Ford until about midnight, at which time the victim, Bobby Otis Dixon, and Johnny Stephens, in a car driven by Stephens, first saw them stopped at a red light. After continuing on, stopping at red lights at two more intersections, words were exchanged between the occupants of the two cars. Stephens and the victim drove at high speed, chased by the red Ford. When they arrived in front of the victim's home, the two men jumped out of the left door of the car, apparently leaving the keys in the ignition and the lights on, ran to the house and yelled and knocked for someone to open the door. The appellant and his companions jumped out of their car. Mercer shouted

"Halt," firing a shot gun blast into the porch roof. He then fired a second blast, which fatally wounded the victim on his porch. Mercer, with appellant and Livingston, drove off. The red Ford was located two days later, partially burned, in a rural wooded area in Twiggs County owned by Mercer's mother. The automobile was identified as belonging to Mercer. Appellant was arrested on Saturday.

The enumerations of error contend that the trial court erred in failing to charge on the law of voluntary manslaughter (Code Ann. § 26-1102), involuntary manslaughter (Code Ann. § 26-1103) and justifiable homicide (Code Ann. § 26-902), and in overruling the amended motion for new trial. *Held:*

No requests were made upon the trial for these charges and no evidence was presented to support them.

The appellant, under oath, denied that he was guilty of any offense at all. He further testified that it was after Mercer shouted at the victim to halt and fired once in the air that the victim turned around and Mercer shot him. Thus the requirement of Code Ann. § 26-1102 that the death be caused by an act of "sudden, violent and irresistible passion" was not met. Moreover, the testimony of Mercer regarding alleged horn blowing, light blinking and "popping" the front end of the car in which the victim was riding was insufficient to establish a "serious provocation." See, e.g., *York v. State,* 226 Ga. 281 (174 SE2d 418); *Moore v. State,* 228 Ga. 662, 663 (187 SE2d 277); *Wilson v. State,* 232 Ga. 506 (207 SE2d 489). To the contrary, the evidence strongly indicated that the victim was merely trying to escape from the appellant and his companions, rather than to provoke them.

Nor did the court err in failing to charge on involuntary manslaughter under the evidence presented here. In addition to murder with malice aforethought, "A person also commits the crime of murder when in the commission of a felony he causes the death of another human being, irrespective of malice." Code Ann. § 26-1101 (b). Assault with a deadly weapon is aggravated assault, a felony. Code Ann. § 26-1302. A person commits involuntary manslaughter when he causes the death of another without any intention to do so, in the commission of an unlawful act other than a felony, or in the

commission of a lawful act in an unlawful manner. Code Ann. § 26-1103. The victim's death was not caused by an unlawful act other than a felony and there were no facts to show that it was caused in the commission of a lawful act in an unlawful manner. The evidence was insufficient to reduce the homicide from murder to manslaughter and thus the charges on voluntary and involuntary manslaughter were not authorized. *Henderson v. State,* 227 Ga. 68 (9) (179 SE2d 76).

There was likewise no evidence authorizing a charge on justifiable homicide. Neither the appellant's testimony nor Mercer's, through whom he claims mitigation and justification, shows that the shooting was justified. Code Ann. § 26-902 (b). Mercer stated that he thought a gun was pointed at him, but at that time he was out of the car holding his shotgun. Unlike the cases cited by appellant, this one presents no circumstances of mutual combat. There was no evidence that Mercer was acting simply to defend himself, and clearly it falls short of showing a mutual intent to fight. See in this regard, *Williams v. State,* 232 Ga. 203 (206 SE2d 37).

Appellant called Wayne Mercer to testify that it was Mercer who fired the shots and that he had pled guilty to murder.

Appellant's defense was that he was not guilty of anything except being at the wrong place at the wrong time. The jury found him guilty of participating in the murder. Appellant cannot now complain of the trial court's failure to charge, without request, rules of law inconsistent with his own defense and unsupported by the evidence.

For the foregoing reasons, the trial court properly denied the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 8, 1974 — DECIDED FEBRUARY 11, 1975 — REHEARING DENIED FEBRUARY 25, 1975.

*Brown, Katz & Dasher, S. Phillip Brown,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, Arthur K. Bolton,*

*Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.