30091. GARLAND et al. v. THE STATE.

GUNTER, Justice.

Appellants come here from convictions for murder in the trial court. Both received life sentences.

Four persons, the appellants Bradshaw and Garland being two of them, were tried together for the murder of Ted Dixon. Each of the four parties was represented by his own attorney in the trial. The trial judge directed a verdict in favor of one party, the jury returned a verdict of not guilty as to one party, and the jury returned verdicts of guilty against Bradshaw and Garland. Bradshaw's trial attorney was a Mr. Lippman; Garland's trial attorney was a Mr. Brown; both attorneys contended that they were members of the Michigan Bar and practiced law in Michigan; the record shows that they were employed counsel; both attorneys represented their respective clients during a four-day trial examining and cross

examining witnesses, making objections, and making opening statements and concluding arguments in the case; and no issue was raised in the trial court of their being ineligible to represent the two appellants in the trial.

After their convictions the appellants secured new and different appellate counsel, and they now contend that their trial lawyers were ineligible to represent them in the trial court, and that their convictions were the result of ineffective assistance of counsel in the trial court.

In support of their enumerated errors that relate to ineffective assistance of trial counsel, appellants have submitted to this court documents which they contend show that both trial attorneys were not eligible to practice law in either Michigan or Georgia. These documents show that Mr. Lippman was suspended from the practice of law in Michigan for a period of five years. However, this suspension did not take effect until after the completion of the Georgia trial. These documents also show that while Mr. Brown was not a member of the State Bar of Michigan, they do not show that he was not an attorney licensed to practice in that state. A letter from the State Bar of Michigan merely says: "He is not, to our knowledge, an attorney licensed to practice in this state."

Furthermore, on reviewing the entire transcript of the trial, we conclude that the enumerated errors relating to ineffective assistance of trial counsel are without merit.

Enumerated errors Nos. 2 and 3 in behalf of Garland contend that the evidence was insufficient to support a conviction. Bradshaw actually fired the weapon that killed the victim. Garland was present at the time of the homicide, and the case was tried by the state on the theory that Garland was a party to the crime. Code Ann. §§ 26-801, 26-802. Having reviewed the transcript, there was sufficient evidence to sustain Garland's conviction, and these enumerated errors are without merit.

The only other enumerated errors that we deem it necessary to treat in this opinion complain of a charge to the jury given by the court: "If a party fails to produce evidence which is under his control and reasonably available to him and not reasonably available to the adverse party, then you may infer that the evidence is

unfavorable to the party that could have produced it but did not."

Complaint is made that this charge is a misstatement of the law, that it is not applicable in a criminal case, and that it is highly prejudicial so as to be reversible error if given in a criminal case. In support of this contention the appellants cite *Whitley v. State,* 14 Ga. App. 577 (81 SE 797) (1914) and *Peters v. State,* 131 Ga. App. 513 (206 SE2d 623) (1974).

We agree that this charge is not applicable in a criminal prosecution. However, in this case three defendants were being tried together, represented by three different lawyers, and two of "Defendants'" requests to charge were: "(11) If a party fails to produce evidence which is under his control and reasonably available to him and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party that could have produced it but did not; (12) if a party offers weaker and less satisfactory evidence when stronger and more satisfactory evidence could have been produced you may view the evidence with suspicion. You must remember, however, that the defendant is not obliged to produce any evidence or to call any witness."

These two requested charges were taken by defense counsel from Devitt & Blackmar, Federal Jury Practice and Instructions (2d Ed.), Sec. 71.19 and Sec. 11.34.

These two requested charges considered together, and also considered in the context of the entire charge to the jury, were not prejudicial to the appellants and do not rise either to the level of ineffective assistance of counsel or harmful error.

We have carefully considered the other enumerated errors and find them to be without merit.

*Judgments affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED JUNE 20, 1975 — DECIDED NOVEMBER 4, 1975.

*Maylon K. London,* for appellants.
*V. D. Stockton, District Attorney, Arthur K. Bolton,*

*Attorney General, Kirby G. Atkinson,* for appellee.