30311. ALLEN et al. v. THE STATE.
30312. WARREN v. THE STATE.

Ingram, Justice.
These three appeals are from the Superior Court of

Pike County. The appellants were convicted in a single trial of the following offenses: the armed robbery of the Bank of Molena; the kidnapping of Mr. John P. Barker, Jr., the bank's executive vice-president and cashier, his wife and son; and the theft of the family's automobile station wagon. A joint appeal was filed by appellants Allen and Patrick, but appellant Warren filed a separate appeal. All three cases will be reviewed and decided in this opinion.

On a Monday evening, three men, wearing masks and carrying guns, broke into the Barker home and held the family until the time lock on the bank vault opened between 8:30 and 9:00 o'clock the next morning. The masked intruders forced the Barkers to accompany them to the bank and tied up the bank employees as they arrived for work. Approximately $18,700 was taken from the bank by the three men. The Barkers testified that two rings were taken from their home and that their station wagon was also stolen. The car was subsequently found abandoned and a massive manhunt was begun almost immediately for the robbers. Testimony from one of the search party indicated that the officers followed three sets of footprints from the abandoned automobile into the woods. Two sets of footprints split off from the third and parted company with it. Early the next morning, at a farm house near Fayetteville, Mr. Adel Penson was forced by two masked men to drive them out of the area. They took off their masks while they were with him and Mr. Penson later identified these two men as appellants Allen and Patrick. They forced Mr. Penson to drive them to Douglasville. However, enroute they stopped at a service station in Tyrone for gas and while there they were discovered and arrested by Georgia D. O. I. agents. Appellant Warren was arrested elsewhere and the Barkers identified him at trial from his voice, mannerisms and coloring as being one of the robbers.

A principal defense of appellants Allen and Patrick at trial was alibi. Appellant Allen claimed he had been searching for his car that he said had been stolen. Appellants also contended they had been doing some deer hunting and ran away when they heard about the manhunt, fearing they would be arrested for illegally

hunting, and got lost in the woods. They admit approaching the witness Adel Penson for a ride after coming out of the woods, but denied having a shotgun or masks and denied threatening him. They also denied any part in the crimes with which they were charged.

Case No. 30311

We consider first the 22 enumerations of error raised by appellants Allen and Patrick. Prior to trial, two people were kidnapped in Clayton County and the release from jail of appellant Warren was demanded for the release of these kidnapped victims. There were also threats on the life of a state's witness and on the trial judge. As a result of all this, extra security measures were taken at the trial including having all the appellants brought into the courtroom in handcuffs. Some prospective jurors saw the appellants handcuffed, even though the restraints were removed once they were in the courtroom. All persons entering the courtroom were also searched for weapons by sheriff's deputies.

Appellants Allen and Patrick first enumerate as error the refusal of the trial judge to continue their trial to the next term of court. They claim they were prejudiced in the presence of the prospective jurors before the trial began. In enumeration no. 13, they also allege it was error to refuse a mistrial because of security measures taken throughout the trial, which included the presence in the courtroom of a number of officers and the searching of all persons entering the courtroom.

These contentions are without merit. The refusal to continue the case or to grant a mistrial was within the discretion of the trial judge in this case. See *Brand v. Wofford,* 230 Ga. 750 (6) (199 SE2d 231); *Morris v. State,* 228 Ga. 39, 51 (184 SE2d 82) (1971). See also United States v. Hamilton, 444 F2d 81 (5th Cir. 1971). We hold these security measures were reasonable and appropriate under the circumstances of this case and did not deny appellants a fair trial.

"[A] defendant has a right to be tried in an atmosphere free of partiality created by the use of excessive guards except where special circumstances [exist], which in the discretion of the trial judge, dictate added security precautions." Kennedy v. Cardwell, 487 F2d 101,

108 (6th Cir. 1973). For example, where a defendant had a history of escape, it was within the trial judge's discretion to instruct the U. S. marshal to use whatever restraints were necessary to transport him to and from the courtroom. United States v. Bankston, 424 F2d 714 (5th Cir. 1970). Abuse of discretion is also the test for use of restraining devices. United States v. Henderson, 472 F2d 556 (5th Cir. 1973), cert. den. 93 SC 2166. See also United States v. Greenwell, 418 F2d 846 (4th Cir. 1969), and Gregory v. United States, 365 F2d 203 (8th Cir. 1966). We find no error because of the special circumstances extant in this case and conclude the trial judge acted reasonably in taking security precautions at the trial.

Enumeration of error no. 2 has not been supported in the brief by citation of authority or argument and is considered as abandoned under Rule 18 c (2) of this court.

Enumeration no. 3 concerns the trial court's refusal to sever the trials of appellants Allen and Patrick from appellant Warren's trial. The motion to sever was based on the pre-trial kidnapping to secure the release of appellant Warren from jail. Code Ann. § 27-2101 controls this issue and the decision whether to sever the trials was in the sound discretion of the trial court. The appellants have failed to show any prejudice or that the trial judge abused his discretion. This enumeration is without merit. See *Woodruff v. State,* 233 Ga. 840, 842 (213 SE2d 689) (1975); and *Cain v. State,* 235 Ga. 128.

Enumeration no. 4 concerns the refusal of the trial court to grant a motion for change of venue. It was based primarily on the publicity that surrounded the robbery and the subsequent kidnapping in Clayton County. Code Ann. § 27-1201 provides for a change of venue when an impartial jury cannot be obtained in the county where the crime is alleged to have been committed. In the hearing on the motion for a change of venue and severance a newspaper woman testified that the trial and kidnapping received a good deal of coverage by newspapers and television. However, this testimony falls short of showing that appellants were unable to receive a fair trial in Pike County. See *Anderson v. State,* 222 Ga. 561 (150 SE2d 638) (1966). See also *Pierce v. State,* 125 Ga.

App. 490 (188 SE2d 181) (1972). In addition, the extensive voir dire of the prospective jurors indicates that those selected had no fixed opinion on the appellants' guilt or innocence. See Murphy v. Florida, — U. S. — (95 SC 2031, 44 LE2d 589) (1975); and *Krist v. Caldwell,* 230 Ga. 536 (198 SE2d 161) (1973). The decision to grant a motion for change of venue is largely within the trial court's discretion and its decision will be reversed on appeal only for an abuse of discretion. *Jarrell v. State,* 234 Ga. 410, 415 (216 SE2d 258) (1975). We find none here.

Enumeration of error no. 5 concerns the refusal of the trial court to allow each appellant to peremptorily challenge 20 jurors each or alternatively to challenge an additional five jurors each. Instead the trial court allowed all appellants together a total of 20 strikes. Appellants contend this violates Code Ann. § 59-805. Prior to 1972 when the legislature amended § 27-2101, each appellant would have been permitted 20 strikes. See *Butler v. State,* 92 Ga. 601 (19 SE 51) (1893). However, since 1972, the rule in Georgia has been, "When two or more defendants are tried jointly for a crime or offense said defendants shall be entitled to the same number of strikes as a single defendant if tried separately. Said strikes shall be exercised jointly by the defendants or shall be apportioned among the defendants in the manner the court shall direct. In the event two or more defendants are tried jointly, the court, upon request of defendants, acting in its sole discretion, may allow an equal number of additional strikes, not to exceed five each, to the defendants as the court shall deem necessary to the ends that justice may prevail." Code Ann. § 27-2101 (Ga. L. 1972, p. 618). We conclude that when Code Ann. §§ 59-805 and 27-2101 are construed in pari materia the defendants in this case were entitled to a total of 20 strikes to be exercised by all of them. See *Lowe v. State,* 133 Ga. App. 420 (210 SE2d 869) (1974). In addition, the trial court did not abuse its discretion in refusing to allow additional strikes.

Enumeration of error no. 6 complains of the failure of the trial court to qualify the jurors as to whether they were related to the victims of the kidnapping or whether they were stockholders in the Bank of Molena. No request

was made to the trial court for this qualification and counsel for the appellant asked questions relating to each of these relationships during voir dire to many of the potential jurors. Without deciding whether or not these two relationships are grounds for disqualification for cause in this case, this enumeration is without merit for several reasons. There was no showing that any juror who tried appellant was so related. A new trial, therefore, will not be granted without a showing of harm. See *Carter v. State,* 106 Ga. 372, 377 (32 SE 345) (1898). See also *Durham v. State,* 129 Ga. App. 5 (198 SE2d 387) (1973). In addition, there must be a showing even if a disqualified juror serves that the accused and his counsel neither knew of the relationship, "nor could it have been discovered by the exercise of ordinary diligence, prior to the rendition of the verdict." *Williams v. State,* 206 Ga. 107, 110 (55 SE2d 589) (1949). See also, *Brindle v. State,* 125 Ga. App. 298 (187 SE2d 310) (1972).

Enumeration no. 7 deals with the procedure for allowing the prisoners to talk to prospective witnesses while in jail. Only one visitor at a time was permitted and an officer was to be present but out of hearing distance. This procedure was part of the security measures taken because of the pre-trial threats. No objection to this procedure was made after it was discussed with the trial court and it is too late on appeal to insist on it for the first time. "A party cannot during the trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221) (1951).

Enumeration 8 complains that the sheriff remained in the courtroom after the rule of sequestration had been invoked and then later testified. The state contends he was permitted to remain in the courtroom by the trial judge's exercise of his discretion. No error was committed in this case. See *Childers v. State,* 130 Ga. App. 555, 557 (203 SE2d 874) (1974); also *Pippins v. State,* 224 Ga. 462 (162 SE2d 338) (1968); *Fountain v. State,* 228 Ga. 306 (185 SE2d 62) (1971); *Prevatte v. State,* 233 Ga. 929 (214 SE2d 365) (1975). But, see *Montos v. State,* 212 Ga. 764 (95 SE2d 792) (1956).

Enumerations 9, 10 and 11 concern testimony of two

witnesses who testified about the appellant's flight and arrest. These enumerations are without merit. See *Clements v. State,* 226 Ga. 66 (172 SE2d 600) (1970). See also *Fulford v. State,* 221 Ga. 257 (144 SE2d 370) (1965).

Enumeration no. 12 is that the trial court refused to direct a verdict of acquittal as to the alleged kidnapping of the Barkers' two-year-old infant son. The evidence showed that Mrs. Barker asked the robbers not to leave the child unattended. All three Barkers were taken by the robbers to the bank. The appellants argue any abduction was at the parents' request. It was, however, the direct result of the criminal activity set into motion by the robbers, and we find no merit in this contention. This result, in our view, is analogous to the result reached in *Cole v. State,* 118 Ga. App. 228, 229 (163 SE2d 250) (1968), dealing with a false affidavit made in connection with the registration of a motor vehicle where the defendant claimed he did not read the affidavit and could not have sworn falsely. The court rejected this argument, stating that, "One is presumed to intend the necessary and legitimate consequences of that which he knowingly does, and the intention with which an act is done is peculiarly a question for a jury." See also *M. J. W. v. State of Ga.,* 133 Ga. App. 350 (210 SE2d 842) (1974).

Enumeration of error no. 14 concerns remarks between counsel and the trial judge. The trial judge sustained appellants' objection to the manner in which a defense witness was being impeached but the judge refused to grant a mistrial. The trial judge properly ruled that the witness could not be impeached by a mere criminal charge as opposed to a conviction. A mistrial was not required. An off-the-record colloquy then took place between the judge and counsel. Defense counsel renewed the motion for mistrial and claimed the damage done could not be erased. The trial judge then commented that any harm done was to the witness and not to the defendants. Even if we assume this comment to counsel was improper, it appears that it was not objected to by counsel nor was any request made to instruct the jury to disregard it. See *Spencer v. State,* 231 Ga. 705 (203 SE2d 856) (1974); see also *DeVere v. State,* 45 Ga. App. 330, 336 (164 SE 485) (1932). This enumeration is without merit.

Enumeration 15 is also without merit. The trial judge did not understand an answer of a defense witness and asked him to clarify it. This was a proper exercise of the court's discretion and was not an improper expression of opinion by the trial court. *Gillis v. Bowman,* 132 Ga. 762 (64 SE 1096) (1902).

Enumeration 16 concerns remarks by the trial court about appellant Allen's business. Several of the defense witnesses testified that whiskey and beer were sold at his store and that it was an illegal beer joint. Appellant Allen also testified that he did not have a liquor license. Most of this testimony was brought out without objection either by the state or by defense counsel who elicited the evidence. The trial judge's subsequent comment may not have been appropriate, but we find no harm as the trial judge carefully instructed the jury to disregard anything the judge said or did that even intimated an opinion by the court. A review of the transcript fails to show any prejudice against the appellants and any error caused by the trial judge's comments was harmless. See *Dyke v. State,* 232 Ga. 817, 832 (209 SE2d 166) (1974).

Enumerations of error 17 and 18 deal with remarks made by the district attorney during closing argument. Although only 'the objections of defense counsel appear in the transcript, as the actual argument of the state's attorney was not recorded, we find no basis for reversal. See Code Ann. § 27-2401, and *Aiken v. State,* 226 Ga. 840, 843 (178 SE2d 202) (1970). The prosecuting attorney is prohibited from stating his personal opinion, but he may make permissible inferences from the evidence. See *Shy v. State,* 234 Ga. 816 (218 SE2d 599) (1975), and *Moore v. State,* 222 Ga. 748 (152 SE2d 570) (1966). In addition, the trial judge instructed the jury not to consider a remark by the prosecuting attorney as evidence in rendering a decision. The import of this instruction was to direct the jury to disregard the argument objected to by the defense. See *Manning v. State,* 123 Ga. App. 844 (182 SE2d 690) (1971).

Enumeration 20 concerns the portion of the court's charge concerning possession of property that had allegedly been stolen from the Barkers. The charge did not express an opinion about appellant's explanation of

how he happened to have possession of the ring. The charge allowed the jury, if they believed the ring had been stolen and if the defense had not explained possession, to consider possession as a circumstance linking appellant to the bank robbery. See, e. g., *Aiken v. State,* 226 Ga. 840 (178 SE2d 202) (1970). This is not a case in which the charge created any presumption of guilt. See *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251) (1975). Habeas Case No. C 75-1128 A (N. D. Ga. 10-20-75). This enumeration is without merit.

Enumeration 21 concerns that portion of the trial judge's charge which instructed the jury to consider only the question of guilt or innocence and not the question of punishment. The appellant cites *Gaither v. State,* 234 Ga. 465 (216 SE2d 324) (1975) in which the judge did express an opinion. The charge in the present case is clearly distinguishable and was not an expression of opinion by the trial judge. Thus, we find no error here.

Enumeration 22 cites the general grounds. While the evidence linking appellant Patrick to the crimes is more circumstantial than the evidence linking appellant Allen to the crimes, it is legally sufficient to support the jury's verdict.

### Case No. 30312

The appeal on behalf of appellant Warren asserts only one enumeration of error which is that the denial of a continuance at the beginning of the trial deprived appellant Warren of the presumption of innocence because the prospective jurors saw him handcuffed as he was brought into court. This legal issue was discussed earlier in this opinion. Because of the various threats and the Clayton County kidnapping, the matter of courtroom security was within the trial judge's discretion. We find no abuse of discretion in this case. *Starr v. State,* 209 Ga. 258 (71 SE2d 654) (1953), relied upon by appellant, was decided under the prior Code Ann. § 27-1401 and it does not demand a different result from the conclusion reached here.

### Conclusion

The enumerations of error in each of these appeals have been reviewed by the court. We find no cause for reversal of the trial court's judgment after considering

these issues.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1975 — DECIDED NOVEMBER 24, 1975 — 30311 REHEARINGS DENIED DECEMBER 15, 1975.

Ambrey DeWitt Allen, Jr., *pro se.*
Charles Wayman Patrick, *pro se.*
*W. Buford Mitchell,* for Allen et al.
*Jim Hudson,* for Warren.
*Ben J. Miller, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., G. Stephen Parker, Assistant Attorneys General,* for appellee.