30339. ALBERT v. THE STATE.
30340. PULLIN v. THE STATE.

NICHOLS, Chief Justice.

Eddie L. Albert, Ralph Pullin, Jr. and Clarence J. Baker were jointly indicted and jointly tried for the offense of murder. Upon conviction Albert and Pullin filed separate appeals enumerating as error the trial court's failure to allow each defendant twenty strikes. Albert had six other enumerations of error which have been expressly abandoned.

1. Appellants enumerate as error the provisions of Code Ann. § 27-2101 limiting the number of peremptory challenges allowed by Code § 59-805 when two or more defendants are tried jointly. The 1972 amendment (Ga. L. 1972, pp. 618, 619), added a new paragraph to Code Ann. § 27-2101, as follows: "When two or more defendants are tried jointly for a crime or offense said defendants shall be entitled to the same number of strikes as a single defendant if tried separately. Said strikes shall be exercised jointly by the defendants or shall be apportioned among the defendants in the

manner the court shall direct. In the event two or more defendants are tried jointly, the court, upon request of defendants, acting in its sole discretion, may allow an equal number of additional strikes, not to exceed five each, to the defendants as the court shall deem necessary to the ends that justice may prevail."

Each of the three defendants was represented by different counsel. The trial court allowed four additional strikes, thus giving eight strikes to each defendant. After counsel representing defendant Pullin refused to exercise any strikes unless he was allowed the full 20 strikes, as provided for in Code § 59-805 prior to the 1972 amendment, the trial court permitted counsel for the other defendants to exercise the 24 strikes allotted.

The defendants argue that the amendment to this Code section deprives them of due process when two or more defendants are jointly indicted and tried jointly. It is argued that if more than 20 defendants were jointly indicted, some of them would have no strikes. This contention is without merit. The 1972 amendment allows the trial judge to allot up to five additional strikes per defendant in excess of the number of strikes specified in Code § 59-805 prior to such amendment.

If one defendant on trial could have a fair and impartial jury by the exercise of 20 peremptory challenges, how then could another defendant on trial with him not have a fair and impartial jury merely because the crime for which they were on trial was allegedly committed by both defendants? This contention of the defendants is without merit. *Allen v. State,* 235 Ga. 709.

2. (Rule 24 (b)), Federal Rules of Criminal Procedure which allows a certain number of strikes per side, is substantially the same as the Georgia statute as amended by the Act of 1972 (Ga. L. 1972, pp. 618, 619; Code Ann. § 27-2101). In a similar attack on the Federal Rule it was held: "It has repeatedly been held that the peremptory challenges are governed by statute and not by the Constitution." United States v. El Rancho Adolphus Products, Inc., 140 FSupp. 645, 649 (affirmed 243 F2d 367; cert. den. 353 U. S. 976). Accordingly, there is no merit in the defendants' argument that Ga. L. 1972,

pp. 618, 619 denies them due process of law.
*Judgments affirmed. All the Justices concur.*

30339, SUBMITTED SEPTEMBER 19, 1975; 30340, SUBMITTED
OCTOBER 6, 1975 — DECIDED NOVEMBER 24, 1975.

*Hudson John Myers,* for Albert.
*Reuben A. Garland, Mark J. Kadish,* for Pullin.
*Edward E. McGarity, District Attorney, Kenneth R. Waldrep, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Staff Assistant Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.