30818. DORSEY v. THE STATE.
30819. WILBORN v. THE STATE.
30886. GREEN v. THE STATE.

NICHOLS, Chief Justice.

Alfred Bernard Wilborn, Ricky Leon Dorsey and Lee Otis Green were indicted and convicted for the offense of armed robbery. Each defendant filed a motion for new trial which, as amended, was overruled and each defendant has filed an appeal to this court. The evidence disclosed that Wilborn and Green entered a store located in rural Fayette County where they took money at gunpoint from the cash register in the presence of Mr. and Mrs. C. R. Ivey. Dorsey was familiar with the area and was the driver of the getaway vehicle. Immediately after the robbery took place, Mrs. Ivey, having noted the license number on the getaway vehicle, went across the road and called the sheriff's office to report the armed robbery and gave them the tag number and a description of the getaway vehicle. After a high-speed chase and an exchange of gunfire, the three defendants were apprehended and later the same day were placed in a lineup where they were identified by the victims.

1. Each appellant enumerates as error the refusal of the trial court to permit the jury to fix punishment. On the call of the case the state waived the death penalty and the jury was not qualified as to a death penalty. At the conclusion of the state's evidence, the trial judge announced that inasmuch as the death penalty had been waived, he would fix punishment in the event of a conviction. While a colloquy occurred between the court and counsel at such time, there was no objection made to the court fixing punishment nor was any objection made at the time sentence was fixed. Under the decision of this court in *Jessen v. State,* 234 Ga. 791, 793 (218 SE2d 52) (1975), it was the duty of the trial judge to fix punishment where the state has waived the death penalty.

2. On the call of the case counsel for the appellant Green moved for a continuance based upon the lack of time that he had had to prepare for trial. The discretion of the trial court in refusing to grant a continuance will not be interfered with unless such discretion is abused. See

*Warner v. State,* 221 Ga. 680, 686 (146 SE2d 737) (1966); *Henderson v. State,* 225 Ga. 273 (168 SE2d 160) (1969).

Where, as in this case, counsel was appointed nine days prior to the trial to represent this defendant, the case was being tried with two other cases involving the same transaction and the other defendants were represented by different counsel, where the attorney had been practicing law for more than ten years and had handled other criminal cases, and the case was not a complicated one, it cannot be said that the trial court abused its discretion in refusing to grant the continuance.

3. The defendant Dorsey filed a motion to sever which was overruled by the trial court. This motion was based upon the grounds (1) that the failure to sever his trial would result in a dilution of the number of strikes to which he was entitled and that Code Ann. § 27-2101 regarding the number of peremptory challenges in a joint trial is in conflict with the provisions of Code § 58-805, (2) that the evidence against him was entirely circumstantial and that his testimony was incompatible with the testimony of the other defendants, and (3) that the state might offer into evidence an incriminatory statement taken from a co-defendant following his arrest.

Under decisions exemplified by *Allen v. State,* 235 Ga. 709 (221 SE2d 405) (1975); and *Albert v. State,* 235 Ga. 718 (221 SE2d 413) (1975), the grounds of the motion to sever relating to the number of strikes is without merit. Moreover, the trial court allotted additional strikes in this case so that each defendant would have an equal number of peremptory strikes.

The contention that all evidence against Dorsey was circumstantial and that for this reason his motion to sever should have been granted is without merit. There was eyewitness testimony identifying this defendant. See *Paulk v. State,* 148 Ga. 304 (3) (96 SE 417) (1918); *Allen v. State,* 194 Ga. 430, 435 (22 SE2d 65) (1942).

The incriminatory statement taken from a co-defendant following his arrest was not introduced in evidence. The trial court did not err in overruling the motion to sever.

4. The appellant Dorsey contends that the trial court erred in overruling his motion to suppress evidence

obtained from his automobile at the time he and his co-defendants were arrested. The evidence obtained during such search was the "fruits of the crime," to wit: the money taken during the armed robbery. Under the decision of this court in *Creecy v. State,* 235 Ga. 542 (221 SE2d 17) (1975) and the cases there cited, there was probable cause for the arrest and the trial court did not err in overruling the motion to suppress the "fruits of the crime" which were located in a bag on the floor of the front seat of the automobile at the time of the arrest.

5. The trial court did not err, as contended by the appellants Wilborn and Dorsey, in admitting in-court identification because of a pre-indictment lineup where these appellants were not represented by counsel. The evidence adduced as to such lineup does not show that it was suggestive in any manner. Compare Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972) and *Mitchell v. State,* 236 Ga. 251 (1976).

6. During the cross examination of one of the defendants, an objection was interposed to a question asked by the district attorney. After the trial court sustained the objection, a colloquy took place between the court and counsel for Dorsey. The contention is made that the statement by the court during such colloquy intimated to the jury the court's opinion or knowledge that a written statement of a co-defendant jointly tried contained matters tending to incriminate Dorsey. No objection was made during the trial of the case and under decisions exemplified by *Allen v. State,* 235 Ga. 709, 715 (221 SE2d 405) (1975) and cases there cited, such contention cannot be made for the first time after verdict. Moreover, the comment by the trial judge which is complained of did not have the effect contended for by counsel for the appellant Dorsey.

7. Several enumerations of error complain of various excerpts of the court's charge and recharge to the jury.

The instructions of the trial court dealing with robbery by intimidation being a lesser included offense, while possibly not as clear as might be desired, did not constitute harmful error under the facts of this case.

After the jury had retired to consider its verdict, a request was made by the foreman for an additional charge

on the law of conspiracy. In recharging the jury on this subject the court also instructed the jury to the effect that every person who is concerned in the commission of a crime is a party thereto, and may be charged with and convicted of the commission of the crime. The inclusion of such language was not erroneous.

The trial court did not err, after having charged on involuntary intoxication and the effect thereof, in charging that voluntary intoxication shall not be an excuse for any criminal act or omission.

8. Under the decision of this court in *Floyd v. State,* 233 Ga. 280, 285 (210 SE2d 810) (1974), a death penalty could not have been imposed, and it was not error to fail to qualify the jury as to the death penalty.

9. The evidence authorized the convictions and the trial court did not err in overruling the defendants' motions for new trial for any reason enumerated.

*Judgments affirmed. All the Justices concur.*

30818, 30819, SUBMITTED FEBRUARY 16, 1976; 30886 ARGUED MARCH 15, 1976 — DECIDED APRIL 6, 1976.

*Charles T. Ballard, Claude L. Goza, Charles M. Voyles, James M. Kimbrough,* for appellants.

*Ben J. Miller, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.