## 31522. PULLIN v. THE STATE.

NICHOLS, Chief Justice.

Eddie L. Albert, Ralph Pullin, Jr. and Clarence J. Baker were jointly indicted and jointly tried for the offense of murder. Upon conviction each defendant was sentenced to life in prison. On a previous appeal the convictions of Albert and Pullin were affirmed. See *Albert v. State,* 235 Ga. 718 (221 SE2d 413) (1975). Thereafter, Pullin, after obtaining new counsel, filed an extraordinary motion for new trial in which it was contended that the evidence did not authorize the verdict, that a new trial should be granted upon newly discovered evidence, and that the defendant was denied effective assistance and benefit of counsel during the course of the trial and in the appeal to this court. On appeal the defendant also contends that the trial court abused its discretion in failing to consider all the evidence filed in support of the motion for new trial.

1. Pretermitting the question of whether the usual general grounds of a motion for new trial may be raised in an extraordinary motion, a review of the evidence adduced on the defendant's trial amply supported the jury's verdict.

2. The contention of the appellant that the trial court erred in overruling the motion for new trial on the ground of newly discovered evidence and that the trial court abused its discretion in failing to consider the deposition of the co-indictee, Eddie L. Albert, is without

merit. The ground of the motion for new trial based upon newly discovered evidence contends that the deposition of Eddie L. Albert shows that he was the sole party who committed the murder and that the defendant had no knowledge that Albert was going to commit the act of murder. On the trial of the case the defendant Pullin was asked by his counsel: "Did you know anybody was going to get killed when you went down there?" A: "No sir, I swear before God I didn't know anything about no killing or kidnapping or nothing. I didn't know nothing." Thus, based upon the ground of the motion for new trial, the evidence alleged to be newly discovered was merely cumulative to the direct testimony of the defendant on the trial of the case. Under such circumstances the judgment of the trial court overruling the extraordinary motion for new trial on such ground was not error, and any failure of the trial court to consider the deposition, shown by the extraordinary motion for new trial to contain nothing but cumulative testimony, was not an abuse of discretion.

3. The sole remaining issue raised relates to the contention that the defendant was denied effective assistance and benefit of counsel during the course of the trial.

Assuming but not deciding that a defendant who has been represented by employed counsel on the trial of a criminal case may, by an extraordinary motion for new trial, raise the issue of ineffective assistance of counsel, yet under decisions of this court exemplified by *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588) (1969); *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974) and of the federal courts in MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960); Fitzgerald v. Estelle, 505 F2d 1334 (5th Cir. 1974), where the representation of the defendant during the trial of his case (which trial lasted over four days and in which a transcript of over 700 pages was required for the report of such case), was vigorous, where the complaints made against such counsel relate to matters which must be considered trial tactics, and where the judge of the superior court hearing the motion for new trial presided over the trial and was in a position to know how effective such counsel was and was in a position to recognize ineffective assistance of counsel as opposed to

trial tactics, the overruling of this ground of the motion for new trial shows no error.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only, and Gunter, Hall and Hill, JJ., who dissent.*

ARGUED SEPTEMBER 15, 1976 — DECIDED SEPTEMBER 29, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*A. J. Welch, Jr.,* for appellant.

*E. Byron Smith, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.