31834. BAKER v. THE STATE.

Undercofler, Presiding Justice.

Clarence James Baker appeals from his conviction and life sentence for murder. He was tried jointly with two other co-defendants in a trial at which a fourth defendant was granted immunity to testify for the state. The other two co-defendants' (Eddie Albert and Ralph Pullin, Jr.) convictions were affirmed at 235 Ga. 718 (221 SE2d 413) (1975). We also affirm Baker's conviction.

1. In his first enumeration of error, the defendant contends that the evidence is insufficient to support his conviction for murder, because the testimony of the defendant granted immunity was not adequately

corroborated. "The law is settled in Georgia that the corroborating facts or circumstances must connect the defendant to [the] crime or lead to the inference that he is guilty, and that such corroboration must be *independent* of the accomplice's testimony. [Code Ann. § 38-121]; *Allen v. State,* 215 Ga. 455 (111 SE2d 70) [1959]; *Price v. State,* 208 Ga. 695 (69 SE2d 253) [1952] . . . But insofar as the participation and identity of the accused is concerned, there must [specifically] be independent corroborating evidence which tends to connect the accused with the crime." *West v. State,* 232 Ga. 861, 864, 865 (209 SE2d 195) (1974). Accord, *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976). In reviewing this question on appeal, we may consider all the evidence introduced at trial. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975).

The state's evidence against Baker reveals that Baker, at the request of Eddie Albert, gave Albert a ride in his Volkswagen to a rendezvous with Ralph Pullin, Jr., at a Tenneco station. There they met Darry Lewis Moseley and invited him along, and the four of them proceeded to an apartment across the street. Witnesses in the apartment corroborated Moseley's testimony at trial that Baker and Albert, with guns, accosted the victim, Richard Thomas, as he attempted to leave the apartment, that while struggling to tie him up with a telephone cord, severely beat him, and that a shot was fired that went through a wall without injuring anybody. Ralph Pullin stood in the doorway and was seen with a gun. Albert and Baker then dragged their victim to Moseley's Pontiac and put him in the trunk. Albert drove the car to a deserted house in Henry County off the Kelleytown road. Baker and Moseley followed in the VW with Pullin proceeding behind them in his own car. Thus only the four defendants were present at that site.

Moseley, who was granted immunity, testified for the state. Pullin testified in his own defense, but neither Albert nor Baker took the stand. Detective David Wynn reported the confession of Albert, but it, of course, was not admissible against Baker. See Division 2 of this opinion. Moseley stated that Albert and Baker tied a cement block to the victim and held him over an open well; then, that

Baker shot him under the left arm at close range before he was dropped head first into the well.

Pullin also testified that Albert and Baker held the victim over the well, that Moseley was standing several feet behind Baker and that from Pullin's vantage point out of earshot near the parked cars, it appeared that Baker, whom he did not see with a gun, was trying to talk Albert out of harming the victim further. Albert had nevertheless shot him in the back of the head. The autopsy showed that the victim had been shot in the back of the head.

Moseley's testimony as to the presence of Baker at the apartment was clearly corroborated by the persons present there when Thomas was abducted. On the other hand, the only evidence tending to support Baker's participation at the well was offered by another accomplice, Pullin. It is well settled, however, that the testimony of one accomplice may be corroborated by the testimony of another. *Jones v. State,* 235 Ga. 103 (218 SE2d 899) (1975); *Hackney v. State,* 233 Ga. 416 (211 SE2d 714) (1975); *McCormick v. State,* 176 Ga. 21 (166 SE 762) (1932); *Pope v. State,* 171 Ga. 655 (156 SE 599) (1930). We therefore hold that accomplice Pullin's testimony sufficiently corroborated Moseley's statements as to Baker's participation. Accordingly, the trial court did not err in failing to direct a verdict of acquittal or to grant a new trial.

2. Baker's second enumeration of error raises the question whether the trial court erred in refusing to grant his motion for severance. Since the grant or denial of a motion to sever is left in the discretion of the trial court, its ruling will only be reversed for an abuse of discretion. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). In the exercise of that discretion, the trial court "should grant a severance before or during the trial whenever it appears 'necessary to achieve a fair determination of the guilt or innocence of a defendant.' ABA Standards, § 2.3 (b)." *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975). The burden is on the defendant requesting the severance to "make a clear showing of prejudice . . ." *Cain v. State,* supra, p. 129; *Stovall v. State,* 236 Ga. 840 (225 SE2d 292) (1976).

Baker argues that the admission of Albert's confession, since Albert did not testify at trial, constituted a violation of his right of confrontation under Bruton v. United States, 391 U. S. 123 (1968), that he was thereby prejudiced, and the severance should have been granted. The United States Supreme Court has held, however, that even though a co-defendant's confession is admitted at a joint trial in violation of Bruton, supra, that error may be harmless. Schneble v. Florida, 405 U. S. 427 (1972). We think that is the case here. Albert's statement, as related by Detective Wynn, clearly paralleled the testimony of Moseley and Pullin, who both testified and thus were available for cross examination at trial. The only significant fact which differed between these accomplices was whether Albert or Baker had shot Thomas. Since Albert, in his statement, admitted he had shot Thomas accidentally, when he cocked the gun behind Thomas' head to scare him, the admission of his statement could not have prejudiced Baker. "The 'minds of an average jury' would not have found the state's case significantly less persuasive had the testimony as to [the] admissions been excluded." Schneble v. Florida, supra, p. 432. The admission of Albert's confession was thus harmless error as to Baker, and thus not prejudicial so as to require a severance of the trials.

Baker further argues that "the disruptions and the confusion caused at the trial by counsel" for one of the other co-defendants should have been sufficient to require the trial court to order a severance during the course of the trial. The trial court, in its order denying Baker's motion for a new trial on this ground, stated: "There was no 'generally chaotic atmosphere that prevailed in the courtroom.' Throughout the trial the court observed [the defendants' attorneys] conferring with very amiable and pleasant relationship between all three, and whatever was done by the three was considered by the court to be a matter of strategy." Nor do we find that the defendants' defenses were antagonistic to each other. Therefore we hold that the trial court did not abuse its discretion in denying defendant's motion for severance, because the defendant has failed to show that he was in any way prejudiced.

3. In his third enumeration of error, the defendant reiterates that the general atmosphere was so chaotic that the trial court erred in failing to grant a mistrial. We have already ruled that the trial court did not abuse his discretion in this regard. See also *Pullin v. State,* 237 Ga. 759 (229 SE2d 606) (1976).

4. There is no merit to Baker's fourth contention that photographs of the body of the victim and the well should have been excluded by the trial court. *Butler v. State,* 235 Ga. 95 (218 SE2d 835) (1975); *Allen v. State,* 231 Ga. 17 (200 SE2d 106) (1973).

5. Baker raises questions concerning the charge in Enumerations 5, 6, 7, 8 and 9. Enumeration 5 cites as error the failure, on request, to charge on voluntary manslaughter, because there was "slight evidence" that Albert had previously been beaten and robbed by the victim. Baker relies on *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106) (1971). Where, however, the alleged robbery took place on Tuesday or Wednesday and the perpetrator is not located, beaten and shot until Sunday, "the serious provocation sufficient to excite sudden, violent and irresistible passion in a reasonable person" has not been established. *Gillespie v. State,* 236 Ga. 845 (225 SE2d 296) (1976). Therefore, there was not even slight evidence requiring such a charge. See *Williams v. State,* 232 Ga. 203 (206 SE2d 37) (1974); *Young v. State,* 232 Ga. 285 (206 SE2d 439) (1974); *Jarrard v. State,* 206 Ga. 112 (55 SE2d 706) (1949); *Channell v. State,* 109 Ga. 150 (34 SE 353) (1899).

Baker also claims that the evidence authorized a charge on accident and that the court erred in refusing his request. We do not see, however, under the circumstances of this case, that such a charge was necessary. Where a victim is beaten, tied up, driven to a lonely spot, propped over an open well with a concrete block tied on him, and a gun is cocked only inches from his head to scare him, it stretches the imagination to suggest that his death from the gunshot was an accident. See *Barker v. State,* 233 Ga. 781 (213 SE2d 624) (1975). Such a charge was not authorized by the evidence.

Further, we conclude that the charge on reasonable doubt, corroboration of an accomplice's testimony, and the

presumption of innocence adequately and correctly stated the law. Thus Enumerations 7, 8 and 9 present no grounds for reversal.

There being no reversible error, the judgment is affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED JANUARY 3, 1977 — DECIDED FEBRUARY 9, 1977 — REHEARING DENIED FEBRUARY 22, 1977.

*Floyd M. Buford, Alfred D. Fears,* for appellant.

*E. Byron Smith, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.