## 35813. JONES v. THE STATE.
## 35814. EVANS v. THE STATE.

BOWLES, Justice.

A grand jury in Troup County, Georgia jointly indicted Willard Chesley Jones and Mary Alice Evans for the murder of her husband, Robert Evans. Although the defendants filed a motion to sever, the same was denied by the trial court, and the trial jury returned a verdict of guilty against both defendants. Separate motions for new trial were made in behalf of each party. Each motion for new trial was overruled, and each defendant has filed an appeal to this court. The evidence having been presented at a single trial, and the enumerations of error filed in behalf of each defendant being somewhat similar, we will consider the two appeals in a single opinion.

### Statement of Facts

On September 3, 1977, a detective of the Newnan Police Department received a report from Mary Alice Evans that her husband, Robert Evans, was missing. The Evans house was located in Heard County, Georgia and the sheriff of that county went to the Evans home on September 4th where he found Mary Alice Evans and Willard Chesley Jones. Mrs. Evans told the sheriff that her husband and Willard Chesley Jones had gone to the Atlanta Farmers Market the day before and had driven back through Newnan, Georgia where her husband got out of the car, got into a tractor-trailer and left. Jones told the sheriff that he had seen Robert Evans walk down the street but had not seen him get into the truck. The body of Robert Evans was found in a wooded area in Troup County that same day. An autopsy revealed that the victim had sustained several blows to the head with a

blunt object causing a depressed fracture of the skull. There were four deep lacerations on the scalp and several pieces of broken glass were removed from the body. Expert testimony was introduced that the victim died from a combination of a cerebral contusion, brain damage, and intercranial bleeding and increased intercranial pressure. During the course of the investigation, both defendants made separate statements. Jones related to a deputy sheriff of Troup County that he, Mrs. Evans and the victim were returning from the Farmers Market when he took a fifth of liquor away from the victim and beat him over the head with it causing the bottle to burst. He related that Mrs. Evans stated to him that "you have killed my old man." The two defendants took the victim to the Newnan town square where Jones let Mrs. Evans out and told her to wait. Jones said he then drove to a dirt road in Troup County and dumped the victim's body out.

The deputy sheriff further testified as to a statement made by Mrs. Evans, in which she first denied knowledge of what had happened to her husband. Later she told the deputy sheriff that after leaving the Farmers Market the three of them stopped at a liquor store where they bought a fifth of whiskey. She contended that while Jones and her husband were drinking and arguing, Jones told her to drive towards LaGrange. Jones then hit the victim on the head with a liquor bottle. Jones, declaring that Evans was dead, told Mrs. Evans to keep quiet or the same fate would befall her.

The Sheriff of Heard County testified that Mrs. Evans also made a statement to him on September 5th in which she said that while driving from Atlanta through Newnan, Jones hit the victim with a bottle. She stated further that she saw Jones dump her husband's body out in Troup County.

Both defendants testified at trial. Mrs. Evans testified that she was driving with Jones and her husband both seated next to her. She said that her husband argued with Jones and threatened to kill him, attempting to hit him with his bottle. She contended that Jones grabbed the bottle and hit her husband. Jones then directed Mrs. Evans to a wooded area in Troup County where he threw the victim's body. She denied going to the police station

and reporting that her husband was missing, thus contradicting the earlier testimony of an official of the Newnan Police Department who had identified her as the woman who had reported her husband missing to the police. Mrs. Evans claimed that she had lied to the sheriff out of fear when he came to her house on September 4, 1977. After the defendants dumped the victim's body, Jones spent the night with Mrs. Evans at the Evans' home. There was further testimony that Jones had been to the Evans' home on several occasions immediately prior to the homicide. He was found in the bedroom of the home when the sheriff first approached the defendants. Mrs. Evans explained that the reason for her conflicting statements was the fact that she was scared.

Several photographs of the victim showing the severity of the wounds to his head were introduced in evidence as well as testimony which indicated that he had been struck in the head a number of times. The victim's wounds were largely on the left side. There was also evidence that the body bled at the place it was found in Troup County, Georgia and that it had changed its position after being placed on the ground in a wooded area. One expert testified that death would likely have ensued in five minutes from the time the most severe blow was inflicted.

### Enumerations of Error

1. Enumerations of error nos. 1, 2, 3, and 7 are practically identical. They all deal with the sufficiency of the evidence to support the verdict against each defendant.

The uncontradicted evidence shows that Jones hit the victim in the head with a liquor bottle hard enough for the bottle to break. Two expert witnesses testified that the victim received several blows to the head. The fact that the victim died from the wounds received is undisputed. At trial Jones claimed self-defense and requested a charge on voluntary manslaughter. The evidence was undisputed that instead of reporting the incident the defendants took the victim to a wooded area and dumped him. The court charged Code Ann. § 26-1102 setting out the requirements of voluntary manslaughter. Whether or

not the conduct in this case amounts to malice murder or voluntary manslaughter has been answered by the jury in their verdict. Every presumption and inference is in favor of the verdict. *Fleming v. State,* 236 Ga. 434 (224 SE2d 15) (1976). The evidence clearly meets the standard established in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), that a review of all the evidence shows a rational trier of fact could have found the essential elements of the crime of murder beyond a reasonable doubt. Compare, *Driggers v. State,* 244 Ga. 160, 161 (259 SE2d 133) (1979); *Stinson v. State,* 244 Ga. 219, 222 (259 SE2d 471) (1979); *Walker v. State,* 240 Ga. 608 (1) (242 SE2d 118) (1978).

We also conclude that when this same standard is applied with respect to the evidence against Mrs. Evans, the essential elements of the crime of murder beyond a reasonable doubt are present. Mrs. Evans argues that since she did not strike any blow and there is no evidence that she intentionally aided or abetted the co-defendant in the commission of the crime, the verdict against her should not stand.

The evidence is clear that Mrs. Evans was driving the car when her co-defendant struck the victim in the head with a liquor bottle. She then drove the car to a wooded area in Troup County, Georgia so that the victim could be disposed of. She reported to the police that her husband was missing, thus showing that she was trying to cover up the homicide. When she was initially questioned by the sheriff regarding her husband's whereabouts she stated she had last seen him in Newnan, Georgia when he got out of the car. Immediately after the homicide she and the co-defendant returned to her home in Heard County where they spent the night. There were multiple wounds on the body of the victim, and admittedly no one else was present other than the victim and the co-defendants during the course of the night the homicide occurred. At trial she testified regarding an attempt by her husband to do harm to the co-defendant. In none of her prior communications with the officers of the law had she made such a contention. All of these acts would prove criminal responsibility to Mrs. Evans as a party to the crime under Code Ann. §§ 26-801(b), 26-802. See *Dixon v. State,* 243

Ga. 46 (252 SE2d 431) (1979); *Burgess v. State,* 242 Ga. 889 (252 SE2d 391) (1979); *Garland v. State,* 235 Ga. 522 (221 SE2d 198) (1975). See also *Shellman v. State,* 157 Ga. 788 (122 SE 205) (1924); Andrews v. United States, 157 F2d 723 (5th Cir. 1946). The evidence is sufficient in each case.

2. Appellants contend that the state failed to prove venue and contend further that the crime was committed in Coweta County, Georgia rather than in Troup County where the parties were indicted.

Code Ann. § 26-302 (c) provides: "If a dead body is discovered in this state and it cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered."

There is no dispute in the evidence that the victim's body was discovered in Troup County, Georgia. One defendant said that the victim was struck in Coweta County. Another defendant said the victim was struck in transit on their way to LaGrange, the county seat of Troup County. There was evidence that the victim died where the body was found because of fresh blood in the area and the fact that the body had moved. There was also evidence that the victim was still breathing after being first struck. There was no proof that the victim was killed elsewhere. There was evidence that death would have ensued in five minutes after the most serious wound was inflicted. There was conclusive evidence that the victim was struck more than once. "It is well recognized in this state that slight evidence is sufficient to establish venue, where there is no conflicting evidence. *Johns v. State,* 239 Ga. 681, 682 (238 SE2d 372) (1977); *Aldridge v. State,* 236 Ga. 773, 774 (225 SE2d 421) (1976). Further, circumstantial as well as direct evidence may be used to establish venue. *Loftin v. State,* 230 Ga. 92, 94 (195 SE2d 402) (1973). Venue is a question to be decided by the jury and its decision will not be set aside as long as there is any evidence to support it. *Johns,* supra, *Wilkes v. State,* 238 Ga. 57 (230 SE2d 867) (1976)." *Alderman v. State,* 241 Ga. 496, 509 (246 SE2d 642) (1978).

Although there was some evidence from one

defendant that the victim may have received the first blow in Coweta County, this alone was not sufficient to present conflicting evidence that the homicide occurred in that county. The evidence at trial was sufficient to authorize the jury's finding that venue was in Troup County, Georgia. Appellants' enumeration of error regarding lack of venue is without merit.

3. Appellant contends that the trial court erred in refusing to sever the trial so that each of the defendants could be tried separately. They contend that each was deprived of a fair and impartial trial based largely on the introduction of statements made by both co-defendants, in which each mentioned the other co-defendant. At trial a Jackson v. Denno hearing was held and the court determined that all statements made by each co-defendant were voluntary and admissible. Counsel for Jones objected to the admission of any of Mrs. Evans' statements that might incriminate him. The prosecution asserted that the confessions were interlocking. The court overruled the defense's objection. In the course of the trial each defendant testified and thus provided an opportunity for each to be confronted by and cross examined by the other. Subsequently, the trial court charged the jury that: " . . . Any statement or statements made by these defendants and any incriminatory statements contained therein, if any, shall only be considered by you as incriminatory to the particular defendant that made such a statement, if any, and should not be considered as an inference of guilt against the defendant not making such incriminatory statements, if any." Thus the jury was instructed regarding the permissible use of any statement. Interlocking confessions have been recently considered by the United States Supreme Court in Parker v. Randolph, — U. S. — (99 SC 2132, 60 LE2d 713) (1979). In that case the court was faced with a situation similar to the cases at bar except that the co-defendant did not take the stand in the Parker case. There the court realized, as in the case at bar, that the confessions tended to corroborate each other. The court said further, " . . . [A]n instruction directing the jury to consider a co-defendant's extrajudicial statement only against its source has been

found sufficient to avoid offending the confrontation right of the implicated defendant in numerous decisions of this Court." Parker, supra at 2139. The court went on to refer to its decision in Opper v. United States, 348 U. S. 84 (75 SC 158, 99 LE 101) (1954), for a consideration of the trial court's overruling a motion to sever. "It is within the sound discretion of the trial judge as to whether defendants should be tried together or severally . . ." Where the death penalty is not sought, Code Ann. § 27-2101 provides that a motion to sever is within the discretion of the trial court. Since the grant or denial of a motion to sever is left to the discretion of the trial court its decision in that respect will be overturned only for an abuse of discretion. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). In the instant case, not only did both parties testify, but their statements made prior to trial were to a substantial degree interlocking. Each defendant testified to facts that were covered in the statements. For these additional reasons error, if any, would be harmless. *Mathis v. State,* 231 Ga. 401, 403 (2) (202 SE2d 73) (1973). We hold that the trial court did not abuse its discretion in denying each defendant's motion for severance because each defendant has failed to show that he was in any way prejudiced. *Baker v. State,* 238 Ga. 389, 391 (2) (233 SE2d 347) (1977).

4. The trial court conducted a hearing outside the presence of the jury on the question of the voluntariness of any in custody statements or confessions made by each defendant, in keeping with Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). Although the burden of proving voluntariness by a preponderance of the evidence rests with the state in such circumstances, Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972), the state carried its burden sufficiently to support the trial judge's finding of voluntariness and ultimate admissibility. We must accept those factual determinations made by the trial court unless those findings are shown to be clearly erroneous. *Spain v. State,* 243 Ga. 15 (252 SE2d 436) (1979); *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975). The trial court did not err in this respect.

5. Mrs. Evans contends that the trial court erred in

denying her motion for a directed verdict of acquittal. This contention is controlled adversely to Mrs. Evans by the conclusions reached in the first division of this opinion.

6. Jones contends that the trial court erred in not reducing the charge to voluntary manslaughter. The trial court instructed the jury to consider voluntary manslaughter as a lesser included offense. However, in the first division of this opinion we have concluded that the evidence was sufficient to support the verdict finding Jones guilty of malice murder. This precludes Jones' contention in that regard.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED APRIL 9, 1980.

*Ken Gordon,* for appellants.
*William F. Lee, Jr., District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.